TIPTON et al. v. RAILWAY POSTAL CLERKS' INV. ASS'N et al.
(No. 8149.)

(Court of Civil Appeals of Texas. Ft. Worth. Oct. 17, 1914.)

COURTS (§ 207*)—JURISDICTION OF APPELLATE COURT—INJUNCTION PENDING APPEAL.

In view of Vernon's Sayles' Ann. Civ. St. 1914, art. 4644, providing that an appeal in an injunction case shall not suspend the enforcement of the order appealed from, unless so ordered by the court or judge who entered the order, and of the fact that the jurisdiction of the Court of Civil Appeals is appellate only, such court has no jurisdiction to issue an original writ of injunction to protect parties from damage pending an appeal.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 758; Dec. Dig. § 207.*]

Appeal from District Court, Tarrant County; Marvin H. Brown, Judge.

Injunction by Eugene Tipton and others against the Railway Postal Clerks' Investment Association and others. From an order dissolving a temporary injunction and refusing to appoint a receiver, plaintiffs appeal and move for a temporary writ of injunction. Motion refused.

Boykin & Dunaway, of Ft. Worth, for appellants. David B. Trammell, J. C. Miller, and Capps, Cantey, Hanger & Short, all of Ft. Worth, for appellees.

SPEER, J. This is a controversy between Eugene Tipton and others, complainants, and the Railway Postal Clerks' Investment Association and others, as defendants, in which the plaintiffs sought the appointment of a receiver and the issuance of a writ of injunction to prevent the defendants from disposing of certain property in which the plaintiffs claimed an interest. The district judge granted a temporary injunction, but subsequently, on motion of the defendants, dissolved the same and refused to appoint a receiver, from which order the plaintiffs have appealed.

In the court below appellants presented their motion, requesting the court to suspend his order dissolving the temporary injunction herein pending the appeal from said order, and to fix the amount of a supersedeas bond, but the court in all things overruled the motion, and appellants now seek to have this court to issue a temporary restraining order

pending the appeal upon the grounds that appellees are threatening immediately to dispose of the property in controversy to their irreparable injury. Article 4644, Vernon's Sayles' Texas Civil Statutes, regulating appeals in injunction cases, provides that:

"Such appeal shall not have the effect to suspend the enforcement of the order appealed from, unless it shall be so ordered by the court or judge who enters the order."

It thus appears that the Legislature has purposely clothed the trial court with exclusive power to determine the force and effect of orders refusing or dissolving an injunction pending an appeal. This statute, in effect, adopts the practice by rule in the United States Supreme Court. See Hovey v. McDonald, 109 U. S. 150, 3 Sup. Ct. 136, 27 L. Ed. 888; Leonard v. Ozark Land Co., 115 U. S. 465, 6 Sup. Ct. 127, 29 L. Ed. 445. But beyond this the jurisdiction of this court is appellate only and it has no power to issue an original writ of injunction in order to protect the parties from damage during the pendency of an appeal to it. As stated by the Supreme Court in Laredo v. Martin, 52 Tex. 548:

"The issuing an injunction for such a purpose would be the exercise of original, and not of appellate, jurisdiction in the case. It would be doing that which, it is contended, the district court should have done before the trial."

See Ellis v. Harrison, 24 Tex. Civ. App. 13, 56 S. W. 592, 57 S. W. 984. In Hubbart v. Willis State Bank, 55 Tex. Civ. App. 504, 119 S. W. 711, it appears the Court of Civil Appeals for the Galveston district did grant such relief pending appeal, but it appears the question was not much considered until final judgment reinstating the writ as originally granted in the trial court when, of course, the correctness of the ruling became academic. The refusal of a writ of error in that case, therefore, adds nothing in favor of the exercise of such a jurisdiction.

Appellant's motion for a temporary writ of injunction is therefore refused.