**TEXAS ELECTRIC & ICE CO. v. CITY OF VERNON et al. (No. 2238.)**

(Court of Civil Appeals of Texas. Amarillo. Aug. 11, 1923.)

**1. Courts ⟜69—Judges should dispose of only such business in vacation as is expressly authorized by Constitution or statute.**

It is the general rule that all judicial business should be transacted by a court in term time and that only such business can be disposed of in vacation as is expressly authorized by the Constitution and statutes, and a judge after an adjournment cannot without express authority take any action or make any order whatever.

**2. Courts ⟜207(3)—Court of Civil Appeals authorized to issue original writs of injunction only to protect jurisdiction.**

Under Const. art. 5, § 6, and the laws, Courts of Civil Appeals are tribunals of appellate, special, and limited jurisdiction, having only such original jurisdiction as is conferred by the Constitution or statute, but under Vernon's Sayles' Ann. Civ. St. 1914, § 1592, they are authorized to issue original writs of injunction when necessary to protect their jurisdiction.

**3. Courts ⟜207(3) — Court of Civil Appeals cannot issue temporary injunction pending final determination of action in district court.**

Where the district court refuses to grant a temporary injunction the Court of Civil Appeals, pending a final determination of the proceeding in the District Court, and before an appeal or writ of error has been perfected, has no jurisdiction of the action to be protected by a temporary injunction.

In Chambers.

Appeal from District Court, Wilbarger County; James V. Leak, Judge.

Action by the Texas Electric & Ice Company against City of Vernon and others. From an order denying application for temporary injunction, plaintiff appeals. Application denied.

Berry, Stokes & Killough, of Vernon, and Templeton, Brooks, Napier & Brown, of San Antonio, for appellant.

Bonner, Storey & Storey, Cook & Cook, Robert Cole, and Harry Mason, all of Vernon, for appellees.

HALL, C. J., and KLETT and BOYCE, JJ.

This is the second appeal in this case. The opinion in the first appeal was handed down in term time and is found in 252 S. W. 255. Since that appeal the appellant has amended its petition and presented it to the trial judge in chambers, praying for a temporary injunction. After notice and upon a full hearing, the trial judge refused to grant the writ and from that order the record is brought to this court in vacation praying that this court review the action of the trial judge, and that the judges of this court grant its writ of injunction, to restrain the illegal acts complained of and "to protect the jurisdiction of this court pending this hearing" here. Before the trial judge the appellant sought a temporary injunction restraining the appellees—

"(a) From transferring or diverting any portion of the sinking fund of said city and from drawing any warrant against any such

funds except for the purpose of paying interest on such bonded indebtedness or providing a sinking fund or investing same in securities, as provided by law.

"(b) From transferring any of the taxes levied for roads, bridges, and streets to any other purpose.

"(c) From transferring any special funds and using the same for the purpose of completing an electric light plant and system or any part of the expense thereof.

"(d) From expending any of the current revenues of the general fund for the present current fiscal year for building electric light plant or other permanent improvements, until all items properly chargeable thereto have been provided for and it is known that there will be a surplus after said administrative expenses have been provided for, and until after the sinking funds improperly diverted have been returned.

"(e) From making overdrafts or issuing warrants and incurring liability against the city, for the purpose of building an electric light plant or other improvements, that are to be chargeable against or paid out of the general fund, until it is known that there will be a surplus in said fund after providing for the administrative expenses of the city for the present fiscal year.

"(f) From collecting the tax levied by section 3 of the ordinance of June 12, 1923.

"(g) From issuing or selling any funding or refunding warrants.

"(h) From incurring any debt or obligation for the completion of the electric light plant, unless same be borrowed by the issuance of coupon bonds."

Notice of appeal from the trial judge's action was duly given, and the record and statement of facts were filed in this court, on the 12th day of July, 1923. Appellees were duly notified, and the contentions presented to this court in chambers, on July 14th. Upon the hearing the appellees contended that:

"This court and the judges thereof have no power to issue the temporary restraining order and writ prayed for by appellant, unless it is necessary to enforce the jurisdiction of this court, and the undisputed evidence in this case and the application of appellant to this court for the temporary writ of injunction shows that appellant is asking this court to grant identically the same relief that was refused by the district judge of Wilbarger county on a hearing of the case, and that such is sought solely to protect the alleged interests of appellant, and not to enforce the jurisdiction of this court, and the evidence on application of appellant failed to show any facts or conditions that tend or threaten to defeat or impair the jurisdiction of this court, over any matter before it on this appeal."

[1] It is the opinion of the undersigned judges that this contention must be sustained. The general rule is that all judicial business should be transacted by a court in term time, and that only such business can be disposed of in vacation as is expressly authorized by the Constitution and statutes under which the court exists (15 C. J. pp. 899–900), and a judge after adjournment cannot without express authority take any action or render any order whatever (28 Cyc. pp. 543–544).

[2] Courts of Civil Appeals under the Constitution and laws of this state are tribunals of appellate, special, and limited jurisdiction. They have no original jurisdiction except such as is conferred by the Constitution and statutes, and such as is expressly conferred upon them, to enforce and protect the jurisdiction acquired by appeal. Their jurisdiction is expressly defined by V. S. C. S. tit. 32, c. 3, and amendments thereto. Article 1592 of this chapter declares that:

"The said courts and the judges thereof shall have power to issue writs of mandamus and all other writs necessary to enforce the jurisdiction of said courts."

[3] This power has been construed to extend to the issuance of writs of injunction when necessary to protect the subject-matter of suits over which Courts of Civil Appeals have duly and properly acquired jurisdiction. The subject-matter of this suit, as briefly outlined above, in the application for temporary injunction, is still pending in the district court of Wilbarger county. The issues presented by the pleadings in the case pending there have not yet been determined by any judgment of that court. The sole issue before this court is the correctness of the trial judge's action in denying to appellant a temporary injunction in that case. Until the rights of the parties litigant have been adjudicated and a decision determining the issues presented by the pleadings on file in that court has been duly entered and an appeal or a writ of error has been duly perfected, thereby vesting this court with jurisdiction of the contention there urged, this court has acquired no jurisdiction of any matter to be protected by the issuance of any extraordinary writ. The case as made by the pleadings is not before us, and the issuance of the temporary injunction prayed for would be tantamount to the granting of an original injunction, which this court has no power to do, either in term time or in vacation. The appellant's application here simply presents a condition which the Legislature has not deemed fit to make provision for. If we should grant the writ, it would in a sense prejudge the merits of the case still pending upon the docket of the trial court.

The appellees' contention is fully sustained by the following authorities, from which we will not lengthen this opinion by quoting: Tipton et al. v. Railway Postal Association (Tex. Civ. App.) 170 S. W. 113; Waters-Pierce Oil Co. v. State, 107 Tex. 1, 106 S. W. 326; Ellis et al. v. Harrison et al., 24 Tex. Civ. App. 13, 56 S. W. 592, 57 S. W. 984; Needham et al. v. Arno Co-op. Irr. Co. (Tex. Civ. App.) 196 S. W. 887; Hovey v. McDonald, 109 U. S. 150, 3 Sup. Ct. 136, 27 L. Ed. 888; Houston B. & T. Ry. Co. v. Hornberger (Tex.

Civ. App.) 141 S. W. 311; Ford v. State (Tex. Civ. App.) 209 S. W. 490; section 6, art. 5, Const. of Texas.

For the reasons stated the application is denied.

Having disposed of the matter before us upon this proposition, we deem it unnecessary to discuss the further questions presented by the able and instructive briefs filed by the parties herein.