## BROWN COUNTY LIFE INS. CO. v. HAGINS.

### No. 4828.

Court of Civil Appeals of Texas. Amarillo.

Dec. 6, 1937.

G. R. Lipscomb, of Fort Worth, and Gib Callaway, of Brownwood, for appellant.

L. D. Ratliff, Jr., of Spur, for appellee.

STOKES, Justice.

Appellee, D. D. Hagins, brought this suit against appellant upon a life insurance certificate, issued by the Spur Mutual Life Insurance Association upon the life of his wife, Ruth Hagins, in the sum of $1,-500, alleging that the obligations assumed thereunder had been reinsured and assumed by appellant on March 1, 1935. He alleged that the insured died in Lubbock county on the 1st of September, 1936, while the insurance certificate was in good standing, and that, although due proof of her death had been furnished appellant, it had refused to pay the amount due on the certificate, and prayed for judgment, costs of suit, and general relief.

Appellant filed a plea of privilege alleging that its place of residence was at Brownwood, in Brown county, and prayed that the venue be changed and the cause transferred to that county. The plea of privilege was duly controverted by appellee, and upon a hearing held on the 31st of December, 1936, the trial court overruled the plea of privilege and appellant duly perfected its appeal to this court.

Appellee has filed a motion to dismiss the appeal and brings up a supplemental transcript showing that on the 29th of March, 1937, while the appeal was pending here, the case was called for trial on the merits in the trial court and judgment rendered against appellant in favor of appellee for the amount sued for; the judgment reciting that the defendant had made default and that the material allegations of plaintiff's petition had been proven by legal and competent evidence. No appeal was taken from that judgment, and it has now become final. Appellee bases his motion to dismiss upon the ground that the questions involved in this appeal have become moot, and in our opinion the motion is well taken and must be sustained. It is well settled that courts do not sit for the purpose of expounding abstract principles of law. They are concerned only with legal rights of litigants and entering effective judgments upon questions of law and fact falling within their jurisdictions when properly presented to them under rules laid down for their procedure. McNeill v. Hubert, 119 Tex. 18, 23 S.W. 2d 331.

A question becomes moot when it appears that a judgment is sought upon an alleged controversy under circumstances in which no controversy really exists, or under conditions which, if a formal judgment were entered, it would be without practical effect upon an existing controversy.

1164

No appeal was taken from the final judgment rendered by the trial court against appellant on the merits of the case, and that judgment has now become final. It follows, therefore, that there is, at this time, nothing upon which the judgment of this court could effectively operate. If this court were to reverse the ruling of the trial court upon the plea of privilege, the judgment here would necessarily result in changing the venue of the original cause to Brown county, and if that were done, when the case reached the district court of that county there would be no cause of action pending. Hence any judgment which may be entered here would be futile and of no purpose or effect. City of Dallas v. Rutledge et al., Tex.Civ.App., 258 S.W. 534; Motor Securities Corp. v. Jones, Tex.Civ.App., 90 S.W.2d 858.

In reply to the motion to dismiss, appellant has filed an answer in which it seeks to avoid the consequences of the final judgment rendered upon the merits in the trial court, and moves this court to dismiss appellee's motion. In support of its motion appellant alleges that when the trial court overruled its plea of privilege it had a verbal agreement and understanding with counsel for appellee that the main case would not be called for trial and no judgment taken in the case until after the appeal upon the plea of privilege had been determined in this court. Affidavits of the attorneys and also one H. L. Cravens are attached to the motion in which the purported facts relative to the verbal agreement are set out at length and, based upon these affidavits and the allegations of the motion, appellant seeks to invoke the jurisdiction of this court upon original facts which are alleged to have occurred and which resulted in the alleged verbal agreement. We are without jurisdiction to determine these questions. It has many times been held that, when a judgment is brought before the appellate court for revision, that court cannot pass upon any irregularity which may have occurred subsequent to the judgment appealed from and not shown in the official record before the court. Such matters can only be brought before this court after proceedings are had in the trial court, and this court can only be concerned with their correction when error is shown. We are furnished with no transcript or showing of any kind that the trial court passed upon the alleg-

ed agreement, or that any order was entered by him thereon continuing the case until after the appeal should be determined here, and we are without jurisdiction to correct the record of a case by hearing testimony or to inquire into acts which occurred after the final judgment was rendered in the court below and not made a part of the official record in this court. Davis v. Thomas, 5 Tex. 389; Ennis Mercantile Co. v. Wathen, 93 Tex. 622, 57 S. W. 946.

The only matters which we are authorized to consider upon affidavits or other original evidence are those which involve the exercise of our jurisdiction. Article 1822, R.C.S., 1925. The motion of appellant and the affidavits attached thereto do not come within that class, and its motion to strike or dismiss the motion of appellee is overruled. Texas Electric & Ice Co. v. City of Vernon, Tex.Civ.App., 254 S.W. 503; Tipton v. Railway Postal Clerks' Inv. Ass'n, Tex.Civ.App., 170 S. W. 113.

The motion of appellee to dismiss the appeal is granted, and the appeal dismissed.

FOLLEY, J., not sitting.