Raymond F. WOLF et al., Relators,

v.

John YOUNG, County Judge of Nueces County, Texas, et al., Respondents.

No. 12855.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 16, 1955.

Trimble & Dobbs, Corpus Christi, for appellants.

I. M. Singer, Ellis M. Brown, Corpus Christi, for appellees.

PER CURIAM.

Raymond F. Wolf and some thirty others are appellants in Cause No. 12837, pending on the docket of this Court, in which John Young, County Judge of Nueces County, Texas, and the City of Corpus Christi are appellees. Wolf and his associates in this litigation filed a pleading in this Court which they designated as "Appellants' Motion to Advance Submission and for Injunctive Relief." The pleading was two-fold and so considered by the Court. The portion thereof relating to the advancement of submission was treated as a motion, and said Cause No. 12837 advanced and set for submission and oral argument on March 9, 1955.

That portion of the pleading seeking injunctive relief was treated as an original proceeding. The Court permitted the presentation of an oral motion for leave to file the pleading, granted the same, and ordered the cause for injunctive relief transferred to the trial docket, where it was assigned No. 12855. Such cause duly came on for submission and argument and is now properly before us for disposition.

In this case we shall refer to Wolf and his associates upon the appeal, Cause No. 12837, as relators, and the County Judge of Nueces County, Texas, and the City of Corpus Christi as respondents. The pleading filed by relators, insofar as it relates to injunctive relief, will be referred to as the petition.

From the petition for injunction it appears that relators, as plaintiffs in the court below, asserted the invalidity of an ordinance of the City of Corpus Christi annexing certain adjacent territory owned by relators. They contended that prior to this action by the City a petition had been filed with the County Judge, requesting that an election be called to determine whether such territory should be incorporated as a town or village under the provisions of Title 28, Chapter 11, Article 1133 et seq., Vernon's Ann.Tex.Stats. The trial court dismissed the suit upon relators' refusal to amend, after a plea in abatement and certain special exceptions

to the petition had been sustained. This was a final judgment upon the merits. "Where the trial court sustains exceptions which leaves no cause of action pending, and the plaintiff refuses to amend, a final judgment of dismissal for this reason is res adjudicata of another suit upon the same cause of action." Peek v. Berry, 143 Tex. 294, 184 S.W.2d 272, 274, 156 A.L.R. 949. The question of the correctness of the trial court's actions in sustaining the plea in abatement and special exceptions and rendering the judgment of dismissal is a matter which is not now before us, but must be decided upon the appeal taken from such judgment.

Although it appears that no application for a temporary restraining order or injunction pending appeal was presented to the trial court, relators request us to issue an original writ of injunction restraining the City of Corpus Christi from exercising jurisdiction over the property of relators lying within the territory which the City has sought to annex. The particular, statutory authority relied upon by relators for the issuance of the original writ is Article 1823, Vernon's Ann.Tex.Stats.

The Constitution of this State provides that Courts of Civil Appeals "shall have such other jurisdiction, original and appellate, as may be prescribed by law." Vernon's Ann.St.Const. art. 5, § 6. Acting under this constitutional provision, the Legislature has prescribed the jurisdiction of this Court by adopting Articles 1819, 1820 and 1821, relating to our appellate jurisdiction, and Articles 1823 and 1824 relating to our original jurisdiction. Article 1824, providing for the issuance of a mandamus to order a judge of a district or county court to proceed to trial and judgment, is not here involved. It is contended that the issuance of the writ requested is necessary to enforce the jurisdiction of this Court under Article 1823, which provides that:

"Said courts (of Civil Appeals) and the judges thereof may issue writs of mandamus and all other writs necessary to enforce the jurisdiction of said courts."

In substance and briefly stated, it is alleged by relators as a ground for the issuance of the temporary writ by this Court, that unless restrained, the City of Corpus Christi will extend its powers of municipal government over the territory in dispute and attempt to collect taxes, enforce penal ordinances, zoning rules and like regulations; that this will result in serious inconvenience and damage to relators and materially interfere with their normal mode of life, cause them to dispose of their livestock and poultry and tend to deprive them of their means of livelihood. While it is alleged by way of conclusion that the actions of the City of Corpus Christi will render this cause moot, the gravamen of the argument seems to be that the greater balance of the equities supports the issuance of the temporary writ prayed for. At all events, it appears that the main point at issue is the asserted invalidity of the annexation ordinance of the City of Corpus Christi, and that such issue will not be rendered moot nor the subject matter of this litigation destroyed by the refusal to issue the writ prayed for. On the contrary, it definitely appears that the purpose of the requested writ is to prevent damage to relators pending the disposition of their appeal.

This raises a jurisdictional question which, however, has been determined by the better considered appellate decisions of this State. It is recognized that any writ, be it mandamus, prohibition, injunction, or some other type, when originally issued by this Court, is an exercise of original jurisdiction. However, as above pointed out, our original jurisdiction is a limited one, embodied in two articles of the Revised Statutes. Under Article 1823, our jurisdiction to issue an original writ of injunction is limited to the preserving of the jurisdiction of this Court. We have no jurisdiction to issue an original writ to prevent damage to a litigant pending appeal.

This peculiarity in our appellate system, if such it may be called, is well ingrained

and antedates the establishment of the Courts of Civil Appeals.

In City of Laredo v. Martin, 52 Tex. 548, decided in 1880, it was held that the Supreme Court had no power "to issue an injunction, in the first instance to prevent damage to the parties during the pendency of the suit." Chief Justice Roberts, speaking for the Court, said:

"The appellant makes this motion for a 'temporary or provisional' injunction to be issued by this court to restrain the defendants, as prayed for in the sworn petition, until the final determination of the appeal, and refers to the pleadings and evidence in the record in support of said motion.

"We are of opinion that this motion cannot be granted, because a writ of injunction in the case is not necessary to enforce the jurisdiction of this court, and if it could be so held, no regulations for issuing it by this court have been prescribed by law, as required by section 3 of article 5 of the Constitution of 1876. Its jurisdiction being appellate only, the court is not invested by the Constitution and laws with such general powers as would enable ·it to protect the parties from damage during the pendency of the appeal. The issuing an injunction for such a purpose would be the exercise of original, and not of appellate, jurisdiction in the case. It would be doing that which, it is contended, the District Court should have done before the trial."

In Tipton v. Railway Postal Clerks Inv. Ass'n, 170 S.W. 113, the Fort Worth Court of Civil Appeals said:

"In the court below appellants presented their motion, requesting the court to suspend his order dissolving the temporary injunction herein pending the appeal from said order, and to fix the amount of a supersedeas bond, but the court in all things overruled the motion, and appellants now seek to have this court to issue a temporary restraining order ·pending the appeal

upon the grounds that appellees are threatening immediately to dispose of the property in controversy to their irreparable injury. Article 4644, Vernon's Sayles' Texas Civil Statutes [Vernon's Ann.Civ.St. art. 4662], regulating appeals in injunction cases, provides that:

" 'Such appeal shall not have the effect to suspend the enforcement of the order appealed from, unless it shall be so ordered by the court or judge who enters the order.'

"It thus appears that the Legislature has purposely clothed the trial court with exclusive power to determine the force and effect of orders refusing or dissolving an injunction pending an appeal. This statute, in effect, adopts the practice by rule in the United States Supreme Court. See Hovey v. McDonald, 109 U.S. 150, 3 S.Ct. 136, 27 L.Ed. 888. * * * But beyond this the jurisdiction of this court is appellate only and it has no power to issue an original writ of injunction in order to protect the parties from damage during the pendency of an appeal to it. As stated by the Supreme Court in [City of] Laredo v. Martin, 52 Tex. 548:

" 'The issuing an injunction for such a purpose would be the exercise of original, and not of appellate, jurisdiction in the case. It would be doing that which, it is contended, the district court should have done before the trial.' "

In Taylor v. American Trust & Savings Bank, Tex.Civ.App., 265 S.W. 727, 730, the El Paso Court said:

"Upon the filing of the transcript in this court it was accompanied by a motion made by the appellants to advance, and that, pending the hearing in this court, a temporary restraining order be issued by this court restraining the sheriffs of Culberson and Hudspeth counties from executing the orders of sale until this court could pass upon the merits of the appeal. The motion

to advance was granted and the appeal heard and disposed of in this court on the day preceding the date of sale. In view of the fact that recently applications have been made to this court for the issuance of temporary restraining orders such as was asked for in this case, it is deemed advisable to indicate our views upon the authority of this court to issue the same.

"The jurisdiction of this court is appellate, with no original jurisdiction, except 'to issue writs of mandamus and all other writs necessary to enforce' its appellate jurisdiction. Article 1592, R.S. [Vernon's Ann.Civ.St. art. 1823].

"The judge of the lower court refused the temporary injunction and in our opinion it is inadmissible for this court to issue a temporary injunction or restraining order against the appellees pending the disposition by it of this appeal. In our opinion, so to do would be the exercise of original jurisdiction. It is in effect asking this court to do what the trial judge refused to do. It is not necessary to the protection of the appellate jurisdiction of this court over the order of the trial judge that the plaintiffs be protected from damage pending the disposition of the appeal.

"This conclusion, it seems to us, necessarily follows from the opinion and ruling of Chief Justice Roberts in City of Laredo v. Martin, 52 Tex. 548, and is in harmony with the rulings of the Fort Worth, Amarillo, and San Antonio Courts of Civil Appeals in Tipton v. Railway Postal Clerks Inv. Ass'n, 170 S.W. 113; Texas Electric & Ice Co. v. City of Vernon, 254 S.W. 503; and Boynton v. Brown, 163 S.W. 599; also with ruling of the Galveston court in Ellis v. Harrison, 24 Tex.Civ.App. 13, 56 S.W. 592, 57 S.W. 984, though that court seems later to have adopted a contrary view. See Hubbart v. [Willis State] Bank, 55 Tex.Civ.App. 504, 119 S.W. 711, and Gibbons v. Ross, Tex.

Civ.App., 167 S.W. 17, 18. In further support of our conclusion see Waters-Pierce Oil Co. v. State, 107 Tex. 1, 106 S.W. 326."

In Madison v. Martinez, 42 S.W.2d 84, 86, wr. ref., the Dallas Court of Civil Appeals pointed out that an original temporary writ of injunction will issue only when it appears that unless the writ is issued, there will be nothing upon which the judgment of the Court of Civil Appeals could operate and its order on appeal would be a nullity. In such extreme cases, the writ is one in aid of the jurisdiction of the Court of Civil Appeals. The general rule was stated by the Dallas Court as follows:

"It is clear that Courts of Civil Appeals have no original jurisdiction to grant writs of injunction, except to prevent the invasion of their jurisdiction over the subject-matter of a pending appeal, or to prevent an unlawful interference with the enforcement of their judgments and decrees. This court cannot grant a temporary writ of injunction for the purpose of preventing damages that would otherwise flow to a litigant who has a pending appeal in this court. That power rests exclusively with the district judge. In the instant case, if the effect of the refusal of the district court to continue in force the temporary restraining order theretofore granted would result only in damages or inconvenience to appellants, leaving the subject-matter of the appeal in such a condition that the judgment of this court could effectively operate thereon, then this court would be without jurisdiction to grant such relief, because its jurisdiction over the subject-matter of the appeal would not be invaded. City of Laredo v. Martin, 52 Tex. 548; Tipton v. Railway Postal Clerks Inv. Ass'n, Tex.Civ.App., 170 S. W. 113; Texas Electric & Ice Co. v. City of Vernon, Tex.Civ.App., 254 S.W. 503; Ellis v. Harrison, 24 Tex.Civ.App. 13, 56 S.W. 592, 57 S.W. 984; Taylor v. American Trust & Savings Bank, Tex. Civ.App., 265 S.W. 727; City of Farm-

ersville v. Texas-Louisiana Power Co., Tex.Civ.App., 33 S.W.2d 271."

In Yturria Town & Improvement Co. v. Hidalgo County, 114 S.W.2d 917, 918, this Court followed the rule set forth in the cases above cited. There a temporary writ was sought to restrain the County of Hidalgo from opening a road during the pendency of an appeal. Such relief had been requested of the trial court and refused. This Court, in an opinion by Chief Justice Smith, pointed out that the subject-matter of the appeal was the strip of land sought to be subjected to public use as a roadway and that there was no threat of removal of the land nor destruction of the subject-matter of the dispute, hence the granting of the temporary relief prayed for by relators to prevent alleged damage to their property was beyond the jurisdiction of this Court. It was pointed out in the opinion that the district court had "denied relator's motion, after judgment, for an order restraining respondents from proceeding under and by virtue of the final judgment pending this appeal. The validity of that judgment is the question to be settled by this court on the appeal by virtue of the appellate jurisdiction. The result is that if this court now, in the exercise of original jurisdiction, should grant the relief prayed for, it would amount to nothing less than a determination, in an original proceeding, of the merits of an appeal, in advance of a hearing on that appeal. Clearly, such procedure is quite beyond the power of an appellate court since the relief sought is not in aid of jurisdiction, as has been shown, but is, simply, and only, the relief sought and denied below."

We have included more quotations from decided cases than is our usual custom and perhaps more than are rightfully permissible under Rule 452, Texas Rules of Civil Procedure, for the reason that, as noted in Taylor v. American Trust & Savings Bank, Tex.Civ.App., 265 S.W. 727, there again appeared to be a tendency to invoke this Court's jurisdiction to issue original writs without regard to the jurisdictional questions involved. There likewise is a tendency toward informality of procedure and motions are occasionally presented in the same manner as a like motion would be submitted to a trial court, seemingly upon the sole basis of the balance of the equities.

■ All applications invoking the original jurisdiction of this Court under Article 1823 or 1824 are controlled by Rule 383, which was originally adopted as a new rule and included in the 1941 Rules of Civil Procedure. This rule, as amended by order of the Supreme Court, effective March 1, 1950, now reads as follows:

"Rule 383. Original Proceedings

"A petition seeking to institute an original proceeding in the Court of Civil Appeals shall be presented to the clerk, accompanied with a motion for leave to file, and such written argument in behalf of the motion as may be desired. The motion shall be filed and, together with the petition and argument, if any, sent at once to the consultation room for the action of the court. If the court should be clearly of the opinion that the facts stated in the petition entitle petitioner to the relief sought, the motion will be granted, the petition filed, and the cause placed upon the trial docket. Otherwise the motion will be denied."

The fee set by statute for the filing of a motion for leave to file a petition for the issuance of an original writ is set at $10.00, with the further provision that if the motion for leave to file such petition be granted, an additional filing fee of $15.00 is payable, whereupon the petition is filed as an original cause in this Court and set down for hearing. Article 3924, Vernon's Ann.Tex. Stats., as amended, Acts 1949, 51st Leg., p. 142, ch. 86, § 1. See also, Rule 388–A, Texas Rules of Civil Procedure.

■ The motion for leave to file is no mere formality or empty technicality. It serves an important and practical purpose. As above pointed out, this is a Court of limited original jurisdiction. The city in which our hearings are conducted is situ-

ated some distance from various localities within our territorial jurisdiction. It is not advisable nor economically sound, from the standpoint of the lawyer or the litigant to hold hearings upon petitions for original relief, unless a showing is made by the motion for leave to file a petition and the accompanying brief that convinces this Court that the facts stated in the petition entitle the petitioner to the relief sought. This is the showing expressly required by the Rule.

For the reasons stated, the petition and prayer for injunction is denied.