Ben D. Sudderth Law Office, and Ben D. Sudderth and Bonnie Sudderth, Comanche, for appellants.

Dan B. Grissom, Granbury, Tom Crum, Granbury, for appellees.

Before FENDER, C.J., and FARRIS and LATTIMORE, JJ.

Acel PARKS, Barbara Ann Byrom, Larry Marvin Parks, William Kenneth Parks, and Timothy Wayne Parks, Appellants,

v.

Stanley ALLISON, and wife, Lottie Allison, Seth Millington, and wife, Mable Millington, James Lambert, Lee Morgan, and wife, Geneva Morgan, Barbara Morgan, and Inez Holder, Appellees.

No. 2–88–011–CV.

Court of Appeals of Texas, Fort Worth.

June 2, 1988.

OPINION

FARRIS, Justice.

This is an accelerated appeal by appellants Acel Parks, Barbara Ann Byrom, Larry Marvin Parks, William Kenneth Parks, and Timothy Wayne Parks from an order entered by the trial court continuing a temporary injunction in favor of appellees Stanley Allison et ux., Lottie Allison; Seth Millington et ux., Mable Millington; James Lambert; Lee Morgan et ux., Geneva Morgan; Barbara Morgan; and Inez Holder. Appellants complain in two points of error that the trial court abused its discretion in continuing the temporary injunction after entering a judgment in favor of appellants and adverse to appellees.

Appellees sued appellants claiming the existence of a road or easement across property belonging to appellants. While the case was pending, the trial court entered a temporary injunction which enjoined appellants from obstructing the road in question and thereby denying appellees egress and ingress to their property. The trial court entered judgment for appellants, based upon a jury verdict, denying all relief sought by appellees. After entering the judgment, the trial court considered and

granted appellees' motion to reinstate the temporary injunction until such time as the judgment of the trial court became final.

We affirm because the record does not reflect that the trial court clearly abused its discretion in continuing the temporary injunction in effect until the judgment was final. *See Davis v. Huey,* 571 S.W.2d 859, 861 (Tex.1978).

 Our holding in this case is supported by Texas opinions which have recognized that trial courts have the power to grant temporary injunctions continuing after judgment even though the judgment on the case in main is against the proponent of the injunction. *See City of Corpus Christi v. Cartwright,* 281 S.W.2d 343, 344 (Tex. Civ.App.—San Antonio 1955, no writ); *City of Lubbock v. Stubbs,* 278 S.W.2d 516, 518 (Tex.Civ.App.—Amarillo 1954, writ ref'd n.r.e.); *Wolf v. Young,* 275 S.W.2d 741, 744 (Tex.Civ.App.—San Antonio 1955, no writ); *Tipton v. Railway Postal Clerks' Inv. Ass'n,* 170 S.W. 113, 114 (Tex.Civ.App.—Fort Worth 1914, no writ).

At the request of counsel for appellees, and without objection, the trial court, in its consideration of appellees' motion to reinstate the temporary injunction, agreed to consider the testimony previously admitted in the case. Since we have only the statement of facts from the hearing on appellees' motion, we must assume that the omitted part of the record would support the court's decision to continue the temporary injunction in force. *See* TEX.R.APP. P. 50.

We further note that appellants made no attempt to prove that the trial court had set an insufficient bond or that the continuation of the temporary injunction would cause any injury to appellants.

We affirm the trial court's order continuing the temporary injunction.