COURT OF
APPEALS

                                                   EIGHTH DISTRICT OF
TEXAS

                                                              EL
PASO, TEXAS

 


 
 
  
  
 THE CITY OF EL PASO, TEXAS,
  
                                    
 Appellant,
  
 v.
  
 CAPLES LAND COMPANY, LLC AND
 WILLIAM D. ABRAHAM,
  
                                     Appellees.
 
  
 
 
  
  
 '
    
 '
    
 '
    
 '
    
 '
  
 '
 
 
  
  
                   No. 08-10-00264-CV
  
                          Appeal from
  
 327th District
 Court
  
 of El Paso County,
 Texas
  
 (TC # 2010-1970)
 
 
 
 
  
 
 
  
 
 
  
 
 


                                                                  O
P I N I O N

 

The
City of El Paso, Texas brings this interlocutory appeal from an order denying
its plea to the jurisdiction and granting a temporary injunction.  For the reasons that follow, we reverse.

FACTUAL SUMMARY

            Caples Land Company, LLC owns a
building in El Paso, Texas.  On March 31,
2010, the City of El Paso Building and Standards Commission (the Commission)
held a hearing and issued an order finding that:  (1) the structure is substandard; (2) the
structure is not in substantial compliance with municipal ordinances regulating
fire protection, structural integrity, and disposal of refuse; (3) the
structure can be rehabilitated; and (4) in order to be made safe, certain
violations must be corrected.  The order
required Appellees[1] to take
certain actions and make  repairs,
including the removal of non-permitted and illegal electrical wiring, the
repair of non-compliant restrooms, the removal of non-permitted partitions and
ceilings, the removal of non-permitted mechanical systems, the removal of all
broken window glass, and the removal of all trash and debris.  The order provided that if these requirements
were not met within sixty days, Athe
structures [sic] certificate of occupancy be revoked and that the structure be
vacated.@  The order additionally provided that upon the
owner=s failure
to comply with the order, the City of El Paso may request a hearing before the
Building and Standards Commission to determine the amount and duration of civil
penalties resulting from the noncompliance. 


Appellees
made repairs they believed to be feasible and on May 24, 2010, Appellees
appealed the Commission=s
order to the district court pursuant to Section 
214.0012 of the Texas Local Government Code.  Two months later, Appellees filed an
application for an injunction to prevent the Commission from holding a hearing
to determine whether the building had been brought into compliance with the
March 31, 2010 order.  The City filed a
plea to the jurisdiction asserting that the district court lacked jurisdiction
or authority to enjoin the Commission from holding any hearings pending the appeal.  The City additionally challenged the merits
of Appellees= request
for an injunction.  Following a hearing,
the district court denied the City=s
plea to the jurisdiction and granted Appellees=
request for a temporary injunction.  The
City filed notice of interlocutory appeal pursuant to Sections 51.014(a)(4) and
(a)(8) of Civil Practice and Remedies Code.  Tex.Civ.Prac.&Rem.Code
Ann. 51.014(a)(4), (8)(West 2008)(authorizing interlocutory appeal from
an order denying a plea to the jurisdiction by a governmental unit and from an
order granting a temporary injunction).

                                                    APPEAL
FROM DENIAL OF

                                                 PLEA
TO THE JURISDICTION

 

The
first portion of this opinion will address the City=s
interlocutory appeal from the denial of its plea to the jurisdiction.  The City raises three issues related to the district
court=s ruling
on the plea to the jurisdiction.

Jurisdiction vs. Authority

In
its first two issues, the City challenges the district court’s jurisdiction to
grant injunctive relief and to hear live witnesses at the hearing on Appellees= application for injunctive
relief.  In Issue One, the City contends,
based on the doctrine of governmental immunity, that the district court lacked
jurisdiction to enjoin the Commission from holding any hearings pending the
appeal.  The Appellees maintain that the
issue raised by the City is not one of jurisdiction but of the district court=s authority to grant injunctive
relief.  Appellees further argue that the
district court is authorized to protect its jurisdiction by granting an
injunction as authorized by Section 24.011 of the Texas Government Code.  In Issue Two, the City asserts that the
district court did not have jurisdiction to hear live witnesses in a judicial
review proceeding conducted under Section 214.0012 of the Texas Local
Government Code.  The City alternatively
argues that even if the issues are not jurisdictional, the trial court erred by
granting injunctive relief because it was not authorized to do so and by
relying on live testimony at the hearing. 
In this portion of the opinion, we will restrict our review to the
jurisdictional arguments raised by the City and we will address the City=s alternative non-jurisdictional
arguments in our discussion related to Issue Four which relates to the
temporary injunction. 

Standard of Review

The
purpose of a plea to the jurisdiction is to dismiss a cause of action without
regard to whether the claim has merit.  Bland
Independent School District v. Blue, 34 S.W.3d 547, 554 (Tex. 2000).  It is a dilatory plea that challenges the
court=s power
to adjudicate the subject matter of the controversy.  Harris County v. Sykes, 136 S.W.3d
635, 638 (Tex. 2004); Bland, 34 S.W.3d at 554; Texas Department of
Transportation v. Arzate, 159 S.W.3d 188, 190 (Tex.App.--El Paso 2004, no
pet.).  Subject matter jurisdiction is
essential to the authority of a court to decide a case.  Bland, 34 S.W.3d at 553-54.  Subject matter jurisdiction cannot be
conferred by consent and cannot be waived. Carroll v. Carroll, 304
S.W.3d 366, 367 (Tex. 2010); Continental Coffee Products Co. v. Cazarez,
937 S.W.2d 444, 448 n.2 (Tex. 1996). 
Whether a party has alleged facts that affirmatively demonstrate a trial
court=s subject
matter jurisdiction and whether undisputed evidence of jurisdictional facts
establishes a trial court=s
jurisdiction are questions of law which we review de novo.  Texas Department
of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004);
Texas Natural Resource Conservation Commission v. IT-Davy, 74 S.W.3d 849,
855 (Tex. 2002). 

Governmental Immunity

Sovereign
immunity protects the State from lawsuits for money damages.  Reata Construction Corporation v. City of
Dallas, 197 S.W.3d 371, 374 (Tex. 2006). 
In addition to protecting the State from liability, it also protects the
various divisions of state government, including agencies, boards, hospitals,
and universities.  Wichita Falls State
Hospital v. Taylor, 106 S.W.3d 692, 694 n.3 (Tex. 2003).  Governmental immunity, on the other hand,
protects political subdivisions of the State, including counties, cities, and
school districts.  Id.  

Jurisdiction of a District Court

A
district court is a court of general jurisdiction.  Dubai Petroleum Company v. Kazi, 12
S.W.3d 71, 75 (Tex. 2000).  The
jurisdiction of a district court consists of exclusive, appellate, and original
jurisdiction of all actions, proceedings, and remedies, except in cases where
exclusive, appellate, or original jurisdiction may be conferred by the Texas
Constitution or other law on some other court, tribunal, or administrative
body.  Tex.Const.
Art. V, ' 8; see
Tex.Gov=t Code Ann. '
24.007 (West 2004)(a district court has the jurisdiction provided by Article V,
' 8). 
A district court may hear and determine any cause that is cognizable by
courts of law or equity and may grant any relief that could be granted by
either courts of law or equity.  Tex.Gov=t Code Ann. '
24.008.  The instant case involves the
district court=s
appellate jurisdiction under Section 214.0012 of the Texas Local Government
Code.  Tex.Local
Gov=t Code Ann. '
214.0012 (West 2008).

Judicial Review Under Section 214.0012

The
Commission issued its March 31, 2010 order pursuant to its authority under Section
214.001 of the Texas Local Government Code which provides a municipality with
authority to regulate substandard buildings. 
See Tex.Local Gov=t Code Ann. '
214.001 (West Supp. 2012).  A property
owner, lienholder, or mortgagee aggrieved by an order of a municipality issued
under Section 214.001 may appeal the order by filing a verified petition in
district court on the ground of illegality. 
Tex.Local Gov=t Code Ann. '
214.0012 (West 2008).  After the petition
is filed, the district court may issue a writ of certiorari directed to the
municipality.  Tex.Local Gov=t Code Ann. '
214.0012(b).  The issuance of the writ
does not stay proceedings on the decision from which the appeal is taken.  Tex.Local
Gov=t Code Ann. '
214.0012(e).  Further, appeal in the
district court is limited to a hearing under the substantial evidence rule, and
the district court may reverse or affirm, in whole or in part, or may modify
the decision brought up for review.  Tex.Local Gov=t
Code Ann. '
214.0012(f).

Section
214.0012 waives a municipality=s
governmental immunity from suit provided that the appealing party timely files
a petition challenging the decision.  See
Bates v. City of Beaumont, 241 S.W.3d 924, 928 (Tex.App.--Beaumont 2007, no
pet.); Teague v. City of Jacksboro, 190 S.W.3d 813, 819-20
(Tex.App.--Fort Worth 2006, pet. denied). 
It is undisputed that the district court had appellate jurisdiction of
the case pursuant to Section 214.0012 of the Local Government Code because Appellees
timely filed their petition for review of the Commission=s
March 31, 2010 order.  The City
nevertheless argues that the district court lacked jurisdiction to grant
injunctive relief because it is not authorized to do so by Section 214.0012 of
the Local Government Code, by Section 24.011 of the Government Code, or by
Section 65.011(2) of the Civil Practice and Remedies Code.  There is a difference, however, between a
court=s subject
matter jurisdiction and its authority to grant a particular type of relief in a
case over which it has jurisdiction.  Cf.
Davis v. State, 956 S.W.2d 555, 558 (Tex.Crim.App. 1997), citing Stine
v. State, 908 S.W.2d 429, 434 (Tex.Crim.App. 1995)(Meyers, J., concurring)
(drawing distinction between a court=s
subject matter jurisdiction and other non-jurisdictional aspects of litigation
in which the court=s conduct
is controlled by law; stating that when the court=s
conduct violates one of these laws, especially a law which seems Amandatory@
on its face, it is common to say that the court did not have authority to act
as it did, but it is a mistake to say that the court was without jurisdiction
in the matter).  Even if the City is
correct that the district court was not statutorily authorized to grant
injunctive relief in the context of the underlying proceeding, that error did
not deprive the district court of jurisdiction and it would not result in the
case being dismissed.  Similarly, the
City=s argument
that the district court lacked jurisdiction to hear live witnesses at the
hearing is addressed to the district court=s
alleged violation of a controlling procedural statute, and does not raise an
issue related to its subject matter jurisdiction.  Accordingly, we find that neither issue is
properly raised by a plea to the jurisdiction. 

We
are aware that an interlocutory appeal generally cannot be taken from the
denial of a plea to the jurisdiction that does not raise an issue that can be
jurisdictional.  Texas Department of
Criminal Justice v. Simons, 140 S.W.3d 338, 349 (Tex. 2004).  In a case where a party raises such an issue,
the correct disposition is to dismiss the interlocutory appeal for lack of
jurisdiction.  Id.  In this case, however, the City has raised in
Issue Three an argument which can be jurisdictional.  Therefore, we have jurisdiction of the appeal
from the order denying the plea to the jurisdiction.  See Tex.Civ.Prac.&Rem.Code
Ann. § 51.014(a)(4)(West 2008)(authorizing interlocutory appeal from an
order denying a plea to the jurisdiction by a governmental unit and from an
order granting a temporary injunction). 
Issues One and Two are overruled.

Ripeness

In
Issue Three, the City argues that the district court did not have jurisdiction
to enjoin the Commission from deciding whether it should take future action
with respect to the building because the issue is not ripe as the Commission
has not made a final determination regarding Appellees=
compliance with the March 31, 2010 order. 
Appellees respond that the legality of the March 31, 2010 order is a
ripe controversy between the parties.

Ripeness
Ais a threshold issue that implicates
subject matter jurisdiction . . . [and] emphasizes the need for a concrete
injury for a justiciable claim to be presented.@  Robinson v. Parker, 353 S.W.3d 753,
755 (Tex. 2011), quoting Patterson v. Planned Parenthood of Houston &
Southeast Texas, Inc., 971 S.W.2d 439, 442 (Tex. 1998).  In evaluating ripeness, we consider whether,
at the time a lawsuit is filed, the facts are sufficiently developed so that an
injury has occurred or is likely to occur, rather than being contingent or
remote.  Robinson, 353 S.W.3d at
755; Waco Independent School District v. Gibson, 22 S.W.3d 849, 851-52
(Tex. 2000). Although a claim is not required to be ripe at the time of filing,
if a party cannot demonstrate a reasonable likelihood that the claim will soon
ripen, the case must be dismissed.  Robinson,
353 S.W.3d at 755.

In
the petition for judicial review, Appellees challenged the legality of the
March 31, 2010 order.  That order found
the structure to be substandard and required Appellees to rectify certain
problems with the building within sixty days and warned that noncompliance
would result in the property=s
certificate of occupancy being revoked. 
Revocation of the certificate of occupancy would require the four
business tenants in the building to vacate and Abraham believed he would be
subjected to suits by the tenants for breach of the leases.  By their appeal, Appellees challenged the
legality of this order.  The dispute
between the parties is ripe for review and the district court has subject
matter jurisdiction.  Even if the
district court erred by granting the temporary injunction in the context of the
appellate proceeding below, that error would not deprive the court of subject
matter jurisdiction.  Issue Three is
overruled. 

APPEAL
FROM GRANTING

OF
TEMPORARY INJUNCTION

 

In
Issue Four, the City contends the district court abused its discretion by
granting injunctive relief because Appellees failed to prove any of the
temporary injunction elements, including a probable right to relief and a
probable and imminent injury.  We will
also consider the City=s
arguments that the district court lacked authority to grant injunctive relief
and it erred by hearing testimony at the hearing.  

Statutory Authority to Grant Injunctive Relief --
Section 214.0012

We
begin by considering the district court=s
statutory authority to grant injunctive relief in this case.  The City first argues that Section 214.0012
does not authorize the district court to grant injunctive relief.  Section 214.0012 provides in relevant part
that:

(b)  On the filing of the petition, the court may
issue a writ of certiorari directed to 

the municipality
. . .

 

                                                                      *     *    
*

(e)  The issuance of the writ does not stay
proceedings on the decision appealed from.

 

Tex.Local Gov=t
Code Ann. ' 214.0012(b),
(e).  The City maintains that the plain
language of the statute--that an appeal does not stay proceedings--reflects the
Legislature=s intent
to enable a building and standards commission to hold hearings while an appeal
is proceeding.  In support of its position,
the City compares Section 214.0012 with Section 211.011 which provides for
judicial review of a board of adjustment=s
decision.  See Tex.Local Gov=t
Code Ann. ' 211.011.  Section 211.011 provides in relevant part
that:

(c)  On the presentation of the petition, the
court may grant a writ of certiorari directed to the board to review the board=s decision.  . . .  Granting
of the writ does not stay the proceedings on the decision under appeal, but on
application and after notice to the board the court may grant a restraining
order if due cause is shown.

 

The City
contends that the absence of similar language in Section 214.0012 indicates the
Legislature=s intent
to not permit injunctive relief in appeals under that statute.  Appellees, on the other hand, argue that even
though Section 214.0012 does not expressly authorize injunctive relief, the
Legislature did not prohibit injunctive relief based on other statutory
authority. 

The
parties=
respective arguments present a question of statutory construction, which we
review de novo.  McIntyre v.
Ramirez, 109 S.W.3d 741, 745 (Tex. 2003); Emeritus Corporation v. Blanco,
355 S.W.3d 270 (Tex.App.--El Paso 2011, no pet. h.).  Our primary objective in construing any
statute is to determine the Legislature=s
intent in enacting the particular provision, and to give that provision its
intended effect.  Ramirez, 109
S.W.3d at 745; Emeritus, 355 S.W.3d at 276.  We must interpret the statute according to
the plain meaning of the language used, and must read the statute as a whole
without giving effect to certain provisions at the expense of others.  City of San Antonio v. City of Boerne,
111 S.W.3d 22, 25 (Tex. 2003); Emeritus, 355 S.W.3d at 276.  Each word, phrase, or expression must be read
as if it were deliberately chosen, and we will presume that words excluded from
a provision were excluded purposefully.  Emeritus,
355 S.W.3d at 276; Gables Realty Ltd. Partnership v. Travis Central
Appraisal District, 81 S.W.3d 869, 873 (Tex.App.--Austin 2002, pet.
denied).  Our analysis of the statutory
text is also informed by the presumptions that Athe
entire statute is intended to be effective@
and that Aa just
and reasonable result is intended.”  In re S.S.A., 319
S.W.3d 796, 799 (Tex.App.--El Paso 2010, no pet.), quoting Tex.Gov=t Code Ann. '
311.021(2) & (3)(West 2005).  We may
also consider Athe
object sought to be attained,@
Acircumstances under which the statute
was enacted,@
legislative history, and Aconsequences
of a particular construction.@
 Id., quoting Tex.Gov=t Code Ann. '
311.023(1), (2), (3), (5).

After
comparing Sections 211.011 and 214.0012, we conclude that the Legislature did
not intend for a party seeking judicial review under Section 214.0012 to be
able to obtain a restraining order on a showing of due cause.  This construction is reasonable given that
the orders being appealed under Section 214.0012 relate to substandard and
dangerous structures.  That does not
necessarily mean, however, that the Legislature intended to foreclose all
injunctive relief.  The Legislature
enacted Section 214.0012 with knowledge of the district court=s authority to grant injunctive relief
pursuant to Section 24.011 of the Government Code and Section 65.011(2) of the
Civil Practice and Remedies Code yet it did not expressly prohibit all
injunctive relief. 

                                                                  Section
24.011

We
turn now to the issue whether the trial court had authority to grant injunctive
relief under Section 24.011 of the Government Code.  Article V, '8
of the Texas Constitution provides that a district court has the power to issue
writs necessary to enforce its jurisdiction. 
Tex.Const.
Art. V, ' 8.  Likewise, the Government Code authorizes a
district court to issue all writs, including injunction, necessary to the
enforcement of its jurisdiction.  Tex.Gov=t Code Ann. '
24.011 (West 2004).  The City argues that
injunctive relief under Section 24.011 is not available when a district court
is exercising appellate jurisdiction pursuant to Section 214.0012 because the
district court=s
jurisdiction over the matter is not exclusive but rather is shared with the
Commission by virtue of Section 214.0012(e). 
Citing Teague
v. City of Jacksboro, 190 S.W.3d 813 (Tex.App.--Fort Worth 2006, pet.
denied) and two other cases, Appellees respond that Section 24.011 provided the
district court with authority to protect its jurisdiction from interference by
the Commission.

In
Teague, the Jacksboro city council approved an order requiring Teague to
demolish a structure located on his property if he did not abate unhealthy and
unsafe conditions on the property within thirty days.  Teague, 190 S.W.3d at 815.  Teague did not comply with the order but
instead filed suit in district court seeking a declaratory judgment and
injunctive relief.  Id.  The district court entered a TRO and
scheduled a hearing.  Id.  The city filed a plea to the jurisdiction
alleging that its governmental immunity had not been waived because Teague had
failed to file a verified petition requesting the issuance of a writ of
certiorari within thirty days after receiving a copy of the demolition order as
required by Section 214.0012.  Id.  Teague subsequently filed amended pleadings
which included a request for a writ of certiorari.  Id. 
The district court granted the city=s
plea to the jurisdiction and dismissed the case.  Focusing on the substance of Teague=s original petition, the Fort Worth
Court of Appeals found the petition sufficient to invoke the district court=s appellate jurisdiction under Section 214.0012.  Id. at 818-19.  The court additionally determined that a
specific request for issuance of a writ of certiorari is not necessary to
invoke the district court=s
jurisdiction.  Id. at 819.  Because Teague does not address
whether Section 24.011 would authorize a district court to grant injunctive
relief, we find it is inapplicable to the issue before us.

In
Bates v. City of
Beaumont, 241 S.W.3d 924 (Tex.App.--Beaumont 2007, no pet.), the city of
Beaumont notified Bates by certified mail that it intended to hold a ADilapidated Structure Public Hearing@ during a city council meeting.  Id. at 925.  The letter informed Bates he could attend the
hearing to show cause as to why the building should not be demolished.  Id. 
Following the hearing, the city promulgated an ordinance declaring
that Bates= property
was a public nuisance and ordering Bates to demolish the building within ten
days or execute a work program, or the building would be demolished without
further notice.  Id. at 926.  Bates began repairs on the property, but the
city found the repairs insufficient when it reinspected the structure, and it
sent Bates notice of its intent to proceed with demolition.  Id. at 929.  Bates then filed suit against the city
seeking to enjoin the city from demolishing the structure.  Id. at 925.  The City responded by filing a plea to the
jurisdiction, in which it asserted that the trial court lacked jurisdiction of
the case because Bates did not file suit within thirty days of the date the
City sent him notice of the city council=s
decision to demolish the property.  The
district court granted the plea to the jurisdiction and dismissed the
suit.  The Beaumont Court of Appeals
determined that Bates timely filed the suit within Section 214.0012=s thirty-day period after receiving the
notice informing him that the city would proceed with demolition.  Id. at 928-29.  The parties apparently did not raise, and the
court of appeals did not address, whether Section 24.011 authorized the
district court to grant injunctive relief in order to protect its own
jurisdiction.  Like Teague, Bates
is distinguishable from the case before us.

Finally,
Appellees assert that In
re Teague, 2006 WL 302123 (Tex.App.--Fort Worth 2006, orig. proceeding)
indirectly supports their position that the district court had authority to
grant injunctive relief.  While the
appeal in Teague v. City of Jacksboro was pending, the city informed
Teague that demolition would take place within days.  In re Teague, 2006 WL 302123.  Teague filed a motion for emergency and
injunctive relief in the court of appeals. 
The court of appeals enjoined the city from proceeding with the
demolition while the appeal was pending because demolition of the structure
would render the appeal moot.  In re Teague, 2006
WL 302123 at *2.  A court of appeals is
authorized to issue writs necessary to protect its jurisdiction.  Tex. Const. art. V, ' 6; Tex.Gov=t Code Ann. '
22.221.  In re Teague is
distinguishable because the Fort Worth Court of Appeals, unlike the district
court in our case, had exclusive appellate jurisdiction.  See Texas Capital Bank-Westwood v. Johnson, 864 S.W.2d
186, 189 (Tex.App.--Texarkana 1993, no pet.)(where trial court=s plenary power had expired but the
trial court had scheduled a hearing to reconsider its prior ruling, the court
of appeals had exclusive jurisdiction of the case and it was authorized to
issue writ of prohibition to protect its jurisdiction from the trial court=s intrusion).  Given that the district court did not have
exclusive jurisdiction of the matter before it, we conclude that Section 24.011
did not authorize the district court to enjoin the Commission from holding further
hearings related to the property.

Section 65.011(2)

In
their application for injunctive relief, Appellees expressly relied on Section
65.011(2) of the Civil Practice and Remedies Code.  It provides that a writ of injunction may be
granted if a party performs or is about to perform or is procuring or allowing
the performance of an act relating to the subject of pending litigation, in
violation of the rights of the applicant, and the act would tend to render the
judgment in that litigation ineffectual. 
Tex.Civ.Prac.&Rem.Code Ann. ' 65.011(2)(West 2008).  Citing Wolf v. Young, 275 S.W.2d 741
(Tex.Civ.App.--San Antonio 1955, no writ) and EMW Manufacturing Company v. Lemons, 724 S.W.2d
425 (Tex.App.--Fort Worth 1987, no writ), the City argues that this type of
injunctive relief is not available to a district court exercising its appellate
jurisdiction.  Neither case supports the
City=s
argument.

In
Wolf v. Young, Wolf and several other property owners were the
appellants in an appeal pending before the San Antonio Court of Appeals.  In that appeal, they challenged the validity
of an ordinance annexing territory owned by the property owners.  The property owners filed a motion seeking
injunctive relief but the court of appeals treated it as an original
proceeding.  The property owners
requested that the court of appeals enjoin the City of Corpus Christi during
the pendency of the appeal from exercising jurisdiction over the relators= real property located within territory
which the city sought to annex.  Wolf, 275 S.W.2d at
742.  The property owners asserted that
the city, unless restrained, would extend its powers of municipal government
over the territory in dispute and attempt to collect taxes and enforce zoning
ordinances which would result in serious inconvenience and damage because they
would be required to dispose of their livestock and poultry, among other
things.  The court of appeals denied the
relief because its original jurisdiction to issue a writ is limited to
preserving the jurisdiction of the court. 
Wolf, 275
S.W.2d at 743.  It did not have original
jurisdiction to issue a writ of injunction to prevent damage to a litigant
pending appeal.  Wolf, 275 S.W.2d at 743.  

Wolf
does not hold, as the City suggests, that a district court is not authorized to
grant injunctive relief pursuant to Section 65.011(2) when it is exercising its
appellate jurisdiction.  Wolf is
concerned with the original jurisdiction of a court of appeals to issue writs
of injunction.  Its holding cannot be
applied to a district court because a district court=s
original jurisdiction differs from that of a court of appeals.  

In
EMW Manufacturing v. Lemons, EMW brought an original proceeding in the
court of appeals seeking a temporary injunction to stop the execution of a
default judgment while an appeal from the denial of its petition for bill of
review remained pending in the court of appeals.  EMW Manufacturing, 724 S.W.2d 425-26.  The court of appeals acknowledged that it did
not have the power to issue a writ of injunction merely to preserve the status
quo pending appeal nor did it have the power to grant a temporary injunction to
prevent damage to an appellant.  Id.
at 426-27.  EMW Manufacturing,
like Wolf, is concerned with the original jurisdiction of a court of
appeals and its holding is inapplicable to the issues presented by this appeal.  We conclude that a district court exercising
its appellate jurisdiction pursuant to Section 214.0012 does have authority to
grant injunctive relief under Section 65.011(2).

Abuse of Discretion

We
will now address whether the district court abused its discretion by enjoining
the Commission from holding any hearings during the pendency of the judicial
review proceeding.  A temporary
injunction is an extraordinary remedy and does not issue as a matter of right.  Butnaru v. Ford Motor Company, 84 S.W.3d 198,
204 (Tex. 2002).  Whether to grant or
deny a temporary injunction is within the trial court=s
sound discretion.  Id.  A reviewing court should reverse an order
granting injunctive relief only if the trial court abused that discretion.  Id. 
The reviewing court must not substitute its judgment for the trial court=s judgment unless the trial court=s action was so arbitrary that it
exceeded the bounds of reasonable discretion. 
Id.

Generally,
to be entitled to a temporary injunction, an applicant must prove three
elements:  (1) a cause of action against
the adverse party; (2) a probable right to the relief sought; and (3) a
probable, imminent, and irreparable injury in the interim.  Butnaru, 84 S.W.3d at 204.  Section 65.011(2) provides that a writ of injunction
may be granted if a party performs or is about to perform or is procuring or
allowing the performance of an act relating to the subject of pending
litigation, in violation of the rights of the applicant, and the act would tend
to render the judgment in that litigation ineffectual.  Tex.Civ.Prac.&Rem.Code
Ann. '
65.011(2).  Appellees contend that they
were not required to prove any of the three traditional summary judgment
elements because they sought statutory injunctive relief.  The Supreme Court held in Town of Palm Valley v.
Johnson, 87 S.W.3d 110, 111 (Tex. 2001) that Section 65.011, which sets
forth grounds for temporary injunction, does not permit injunctive relief
without the showing of irreparable harm otherwise required by equity.  We conclude that Appellees were required to
establish both a probable right to recover and irreparable injury in addition
to the showing required by Section 65.011(2).

An
applicant for a temporary injunction need not show that it will prevail at
trial in order to establish the probable right of recovery element.  See Butnaru, 84 S.W.3d at 211.  Instead, the applicant must plead a cause of
action and present some evidence that tends to sustain it.  Camp v. Shannon, 348 S.W.2d 517, 519 (Tex.
1961); T-N-T
Motorsports, Inc. v. Hennessey Motorsports, Inc., 965 S.W.2d 18, 23-24
(Tex.App.--Houston [1st Dist.] 1998, pet. dism=d).  The case heard by the district court does not
involve a Acause of
action@ or Atrial@
but rather concerns a judicial review appeal. 
Keeping that distinction in mind, the district court was required to
determine whether Appellees had filed a verified petition challenging the March
31, 2010 order on the ground of illegality. 
That would satisfy the requirement of pleading a Acause
of action.@  Appellees’ petition meets this
requirement.  The next part of the
inquiry is whether Appellees presented some evidence that tends to sustain
it.  Appellees presented live testimony
at the hearing in support of their request for injunctive relief but that
evidence is irrelevant to the probable right of recovery element since an
appeal in the district court is limited to a hearing under the substantial
evidence rule.  Tex.Local Gov=t Code Ann. '
214.0012(f).  Given that Appellees failed
to request the issuance of a writ of certiorari, the district court would have
no record to review and Appellees could not prevail in their appeal.  See Teague, 190 S.W.3d at 820;
Nussbaum v. City of
Dallas, 948 S.W.2d 305, 308 (Tex.App.--Dallas 1996, no writ).  Consequently, we find that Appellees failed
to present any evidence, i.e., the administrative record, supporting its
allegations regarding the illegality of the March 31, 2010 order.  For this reason, the district court abused
its discretion by granting injunctive relief.[2]

The
City also maintains that the district court abused its discretion by granting
injunctive relief pursuant to Section 65.011(2) because the Commission=s decision to hold a hearing related to
the property was not in violation of Appellees=
rights.  Given that the appeal did not
stay the proceedings related to the property, the Commission did not violate
Appellees= rights
by setting the matter for a hearing during the pendency of the appeal.  Furthermore, Appellees did not establish that
the Commission=s action
in holding a hearing would tend to render the appeal ineffectual.  Even if the Commission determined after the
hearing that Appellees had not complied with the March 31, 2010 order, the
district court could still determine whether that order is illegal provided
Appellees requested the issuance of a writ of certiorari.  Consequently, we conclude that the district
court abused its discretion by enjoining the Commission from conducting any
hearings during the pendency of the judicial review appeal.  It is therefore unnecessary to address the
City=s
remaining arguments, including those related to Appellees= asserted failure to prove a probable,
imminent, and irreparable injury for which there is no adequate remedy at
law.  Issue Four is sustained.  We reverse the order granting the temporary
injunction and remand the cause for further proceedings consistent with this
opinion.

 

January 23, 2013                                 _______________________________________________

ANN CRAWFORD
McCLURE, Chief Justice

 

Before McClure, C.J., Rivera, and Antcliff, JJ.

Antcliff, J., not participating











[1]  According to the Commission=s order, Appellee William D. Abraham, appeared at the
hearing as a representative of Caples Land Company.





[2]  Our opinion should not be read as holding
that the district court erred by permitting all testimonial evidence at the
hearing on the application for a temporary injunction.  The administrative record would likely not
show the existence of irreparable harm.