COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS

| | § | |
|---|---|---|
| THE CITY OF EL PASO, TEXAS, | | No. 08-10-00264-CV |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | 327th District Court |
| | § | |
| CAPLES LAND COMPANY, LLC AND | | of El Paso County, Texas |
| WILLIAM D. ABRAHAM, | § | |
| | | (TC # 2010-1970) |
| Appellees. | § | |

## O P I N I O N

The City of El Paso, Texas brings this interlocutory appeal from an order denying its plea

to the jurisdiction and granting a temporary injunction.  For the reasons that follow, we reverse.

### FACTUAL SUMMARY

Caples Land Company, LLC owns a building in El Paso, Texas.  On March 31, 2010, the

City of El Paso Building and Standards Commission (the Commission) held a hearing and issued

an order finding that:  (1) the structure is substandard; (2) the structure is not in substantial

compliance with municipal ordinances regulating fire protection, structural integrity, and

disposal of refuse; (3) the structure can be rehabilitated; and (4) in order to be made safe, certain

violations must be corrected.  The order required Appellees[1] to take certain actions and make

repairs, including the removal of non-permitted and illegal electrical wiring, the repair of non-

compliant restrooms, the removal of non-permitted partitions and ceilings, the removal of non-

permitted mechanical systems, the removal of all broken window glass, and the removal of all

---

[1]  According to the Commission's order, Appellee William D. Abraham, appeared at the hearing as a representative of Caples Land Company.

trash and debris. The order provided that if these requirements were not met within sixty days, "the structures [sic] certificate of occupancy be revoked and that the structure be vacated." The order additionally provided that upon the owner's failure to comply with the order, the City of El Paso may request a hearing before the Building and Standards Commission to determine the amount and duration of civil penalties resulting from the noncompliance.

Appellees made repairs they believed to be feasible and on May 24, 2010, Appellees appealed the Commission's order to the district court pursuant to Section 214.0012 of the Texas Local Government Code. Two months later, Appellees filed an application for an injunction to prevent the Commission from holding a hearing to determine whether the building had been brought into compliance with the March 31, 2010 order. The City filed a plea to the jurisdiction asserting that the district court lacked jurisdiction or authority to enjoin the Commission from holding any hearings pending the appeal. The City additionally challenged the merits of Appellees' request for an injunction. Following a hearing, the district court denied the City's plea to the jurisdiction and granted Appellees' request for a temporary injunction. The City filed notice of interlocutory appeal pursuant to Sections 51.014(a)(4) and (a)(8) of Civil Practice and Remedies Code. TEX.CIV.PRAC.&REM.CODE ANN. 51.014(a)(4), (8)(West 2008)(authorizing interlocutory appeal from an order denying a plea to the jurisdiction by a governmental unit and from an order granting a temporary injunction).

## APPEAL FROM DENIAL OF
## PLEA TO THE JURISDICTION

The first portion of this opinion will address the City's interlocutory appeal from the denial of its plea to the jurisdiction. The City raises three issues related to the district court's ruling on the plea to the jurisdiction.

2

*Jurisdiction vs. Authority*

In its first two issues, the City challenges the district court's jurisdiction to grant injunctive relief and to hear live witnesses at the hearing on Appellees' application for injunctive relief. In Issue One, the City contends, based on the doctrine of governmental immunity, that the district court lacked jurisdiction to enjoin the Commission from holding any hearings pending the appeal. The Appellees maintain that the issue raised by the City is not one of jurisdiction but of the district court's authority to grant injunctive relief. Appellees further argue that the district court is authorized to protect its jurisdiction by granting an injunction as authorized by Section 24.011 of the Texas Government Code. In Issue Two, the City asserts that the district court did not have jurisdiction to hear live witnesses in a judicial review proceeding conducted under Section 214.0012 of the Texas Local Government Code. The City alternatively argues that even if the issues are not jurisdictional, the trial court erred by granting injunctive relief because it was not authorized to do so and by relying on live testimony at the hearing. In this portion of the opinion, we will restrict our review to the jurisdictional arguments raised by the City and we will address the City's alternative non-jurisdictional arguments in our discussion related to Issue Four which relates to the temporary injunction.

*Standard of Review*

The purpose of a plea to the jurisdiction is to dismiss a cause of action without regard to whether the claim has merit. *Bland Independent School District v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). It is a dilatory plea that challenges the court's power to adjudicate the subject matter of the controversy. *Harris County v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004); *Bland*, 34 S.W.3d at 554; *Texas Department of Transportation v. Arzate*, 159 S.W.3d 188, 190 (Tex.App.--

El Paso 2004, no pet.). Subject matter jurisdiction is essential to the authority of a court to decide a case. *Bland*, 34 S.W.3d at 553-54. Subject matter jurisdiction cannot be conferred by consent and cannot be waived. *Carroll v. Carroll*, 304 S.W.3d 366, 367 (Tex. 2010); *Continental Coffee Products Co. v. Cazarez*, 937 S.W.2d 444, 448 n.2 (Tex. 1996). Whether a party has alleged facts that affirmatively demonstrate a trial court's subject matter jurisdiction and whether undisputed evidence of jurisdictional facts establishes a trial court's jurisdiction are questions of law which we review *de novo*. *Texas Department of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Texas Natural Resource Conservation Commission v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002).

*Governmental Immunity*

Sovereign immunity protects the State from lawsuits for money damages. *Reata Construction Corporation v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006). In addition to protecting the State from liability, it also protects the various divisions of state government, including agencies, boards, hospitals, and universities. *Wichita Falls State Hospital v. Taylor*, 106 S.W.3d 692, 694 n.3 (Tex. 2003). Governmental immunity, on the other hand, protects political subdivisions of the State, including counties, cities, and school districts. *Id.*

*Jurisdiction of a District Court*

A district court is a court of general jurisdiction. *Dubai Petroleum Company v. Kazi*, 12 S.W.3d 71, 75 (Tex. 2000). The jurisdiction of a district court consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by the Texas Constitution or other law on some other court, tribunal, or administrative body. TEX.CONST. Art. V, § 8; *see*

4

TEX.GOV'T CODE ANN. § 24.007 (West 2004)(a district court has the jurisdiction provided by Article V, § 8). A district court may hear and determine any cause that is cognizable by courts of law or equity and may grant any relief that could be granted by either courts of law or equity. TEX.GOV'T CODE ANN. § 24.008. The instant case involves the district court's appellate jurisdiction under Section 214.0012 of the Texas Local Government Code. TEX.LOCAL GOV'T CODE ANN. § 214.0012 (West 2008).

*Judicial Review Under Section 214.0012*

The Commission issued its March 31, 2010 order pursuant to its authority under Section 214.001 of the Texas Local Government Code which provides a municipality with authority to regulate substandard buildings. *See* TEX.LOCAL GOV'T CODE ANN. § 214.001 (West Supp. 2012). A property owner, lienholder, or mortgagee aggrieved by an order of a municipality issued under Section 214.001 may appeal the order by filing a verified petition in district court on the ground of illegality. TEX.LOCAL GOV'T CODE ANN. § 214.0012 (West 2008). After the petition is filed, the district court may issue a writ of certiorari directed to the municipality. TEX.LOCAL GOV'T CODE ANN. § 214.0012(b). The issuance of the writ does not stay proceedings on the decision from which the appeal is taken. TEX.LOCAL GOV'T CODE ANN. § 214.0012(e). Further, appeal in the district court is limited to a hearing under the substantial evidence rule, and the district court may reverse or affirm, in whole or in part, or may modify the decision brought up for review. TEX.LOCAL GOV'T CODE ANN. § 214.0012(f).

Section 214.0012 waives a municipality's governmental immunity from suit provided that the appealing party timely files a petition challenging the decision. *See Bates v. City of Beaumont*, 241 S.W.3d 924, 928 (Tex.App.--Beaumont 2007, no pet.); *Teague v. City of*

*Jacksboro*, 190 S.W.3d 813, 819-20 (Tex.App.--Fort Worth 2006, pet. denied). It is undisputed that the district court had appellate jurisdiction of the case pursuant to Section 214.0012 of the Local Government Code because Appellees timely filed their petition for review of the Commission's March 31, 2010 order. The City nevertheless argues that the district court lacked jurisdiction to grant injunctive relief because it is not authorized to do so by Section 214.0012 of the Local Government Code, by Section 24.011 of the Government Code, or by Section 65.011(2) of the Civil Practice and Remedies Code. There is a difference, however, between a court's subject matter jurisdiction and its authority to grant a particular type of relief in a case over which it has jurisdiction. *Cf. Davis v. State*, 956 S.W.2d 555, 558 (Tex.Crim.App. 1997), *citing Stine v. State*, 908 S.W.2d 429, 434 (Tex.Crim.App. 1995)(Meyers, J., concurring) (drawing distinction between a court's subject matter jurisdiction and other non-jurisdictional aspects of litigation in which the court's conduct is controlled by law; stating that when the court's conduct violates one of these laws, especially a law which seems "mandatory" on its face, it is common to say that the court did not have authority to act as it did, but it is a mistake to say that the court was without jurisdiction in the matter). Even if the City is correct that the district court was not statutorily authorized to grant injunctive relief in the context of the underlying proceeding, that error did not deprive the district court of jurisdiction and it would not result in the case being dismissed. Similarly, the City's argument that the district court lacked jurisdiction to hear live witnesses at the hearing is addressed to the district court's alleged violation of a controlling procedural statute, and does not raise an issue related to its subject matter jurisdiction. Accordingly, we find that neither issue is properly raised by a plea to the jurisdiction.

6

We are aware that an interlocutory appeal generally cannot be taken from the denial of a plea to the jurisdiction that does not raise an issue that can be jurisdictional. *Texas Department of Criminal Justice v. Simons*, 140 S.W.3d 338, 349 (Tex. 2004). In a case where a party raises such an issue, the correct disposition is to dismiss the interlocutory appeal for lack of jurisdiction. *Id.* In this case, however, the City has raised in Issue Three an argument which can be jurisdictional. Therefore, we have jurisdiction of the appeal from the order denying the plea to the jurisdiction. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 51.014(a)(4)(West 2008)(authorizing interlocutory appeal from an order denying a plea to the jurisdiction by a governmental unit and from an order granting a temporary injunction). Issues One and Two are overruled.

### *Ripeness*

In Issue Three, the City argues that the district court did not have jurisdiction to enjoin the Commission from deciding whether it should take future action with respect to the building because the issue is not ripe as the Commission has not made a final determination regarding Appellees' compliance with the March 31, 2010 order. Appellees respond that the legality of the March 31, 2010 order is a ripe controversy between the parties.

Ripeness "is a threshold issue that implicates subject matter jurisdiction . . . [and] emphasizes the need for a concrete injury for a justiciable claim to be presented." *Robinson v. Parker*, 353 S.W.3d 753, 755 (Tex. 2011), *quoting Patterson v. Planned Parenthood of Houston & Southeast Texas, Inc.*, 971 S.W.2d 439, 442 (Tex. 1998). In evaluating ripeness, we consider whether, at the time a lawsuit is filed, the facts are sufficiently developed so that an injury has occurred or is likely to occur, rather than being contingent or remote. *Robinson*, 353 S.W.3d at

7

755; *Waco Independent School District v. Gibson*, 22 S.W.3d 849, 851-52 (Tex. 2000). Although a claim is not required to be ripe at the time of filing, if a party cannot demonstrate a reasonable likelihood that the claim will soon ripen, the case must be dismissed. *Robinson*, 353 S.W.3d at 755.

In the petition for judicial review, Appellees challenged the legality of the March 31, 2010 order. That order found the structure to be substandard and required Appellees to rectify certain problems with the building within sixty days and warned that noncompliance would result in the property's certificate of occupancy being revoked. Revocation of the certificate of occupancy would require the four business tenants in the building to vacate and Abraham believed he would be subjected to suits by the tenants for breach of the leases. By their appeal, Appellees challenged the legality of this order. The dispute between the parties is ripe for review and the district court has subject matter jurisdiction. Even if the district court erred by granting the temporary injunction in the context of the appellate proceeding below, that error would not deprive the court of subject matter jurisdiction. Issue Three is overruled.

## APPEAL FROM GRANTING
## OF TEMPORARY INJUNCTION

In Issue Four, the City contends the district court abused its discretion by granting injunctive relief because Appellees failed to prove any of the temporary injunction elements, including a probable right to relief and a probable and imminent injury. We will also consider the City's arguments that the district court lacked authority to grant injunctive relief and it erred by hearing testimony at the hearing.

*Statutory Authority to Grant Injunctive Relief -- Section 214.0012*

We begin by considering the district court's statutory authority to grant injunctive relief

8

in this case. The City first argues that Section 214.0012 does not authorize the district court to grant injunctive relief. Section 214.0012 provides in relevant part that:

(b) On the filing of the petition, the court may issue a writ of certiorari directed to the municipality . . .

* * *

(e) The issuance of the writ does not stay proceedings on the decision appealed from.

TEX.LOCAL GOV'T CODE ANN. § 214.0012(b), (e). The City maintains that the plain language of the statute--that an appeal does not stay proceedings--reflects the Legislature's intent to enable a building and standards commission to hold hearings while an appeal is proceeding. In support of its position, the City compares Section 214.0012 with Section 211.011 which provides for judicial review of a board of adjustment's decision. *See* TEX.LOCAL GOV'T CODE ANN. § 211.011. Section 211.011 provides in relevant part that:

(c) On the presentation of the petition, the court may grant a writ of certiorari directed to the board to review the board's decision. . . . Granting of the writ does not stay the proceedings on the decision under appeal, but on application and after notice to the board the court may grant a restraining order if due cause is shown.

The City contends that the absence of similar language in Section 214.0012 indicates the Legislature's intent to not permit injunctive relief in appeals under that statute. Appellees, on the other hand, argue that even though Section 214.0012 does not expressly authorize injunctive relief, the Legislature did not prohibit injunctive relief based on other statutory authority.

The parties' respective arguments present a question of statutory construction, which we review *de novo*. *McIntyre v. Ramirez*, 109 S.W.3d 741, 745 (Tex. 2003); *Emeritus Corporation v. Blanco*, 355 S.W.3d 270 (Tex.App.--El Paso 2011, no pet. h.). Our primary objective in

9

construing any statute is to determine the Legislature's intent in enacting the particular provision, and to give that provision its intended effect. *Ramirez*, 109 S.W.3d at 745; *Emeritus*, 355 S.W.3d at 276. We must interpret the statute according to the plain meaning of the language used, and must read the statute as a whole without giving effect to certain provisions at the expense of others. *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003); *Emeritus*, 355 S.W.3d at 276. Each word, phrase, or expression must be read as if it were deliberately chosen, and we will presume that words excluded from a provision were excluded purposefully. *Emeritus*, 355 S.W.3d at 276; *Gables Realty Ltd. Partnership v. Travis Central Appraisal District*, 81 S.W.3d 869, 873 (Tex.App.--Austin 2002, pet. denied). Our analysis of the statutory text is also informed by the presumptions that "the entire statute is intended to be effective" and that "a just and reasonable result is intended." *In re S.S.A.*, 319 S.W.3d 796, 799 (Tex.App.--El Paso 2010, no pet.), *quoting* TEX.GOV'T CODE ANN. § 311.021(2) & (3)(West 2005). We may also consider "the object sought to be attained," "circumstances under which the statute was enacted," legislative history, and "consequences of a particular construction." *Id., quoting* TEX.GOV'T CODE ANN. § 311.023(1), (2), (3), (5).

After comparing Sections 211.011 and 214.0012, we conclude that the Legislature did not intend for a party seeking judicial review under Section 214.0012 to be able to obtain a restraining order on a showing of due cause. This construction is reasonable given that the orders being appealed under Section 214.0012 relate to substandard and dangerous structures. That does not necessarily mean, however, that the Legislature intended to foreclose all injunctive relief. The Legislature enacted Section 214.0012 with knowledge of the district court's authority to grant injunctive relief pursuant to Section 24.011 of the Government Code and Section

10

65.011(2) of the Civil Practice and Remedies Code yet it did not expressly prohibit all injunctive relief.

We turn now to the issue whether the trial court had authority to grant injunctive relief under Section 24.011 of the Government Code. Article V, §8 of the Texas Constitution provides that a district court has the power to issue writs necessary to enforce its jurisdiction. TEX.CONST. Art. V, § 8. Likewise, the Government Code authorizes a district court to issue all writs, including injunction, necessary to the enforcement of its jurisdiction. TEX.GOV'T CODE ANN. § 24.011 (West 2004). The City argues that injunctive relief under Section 24.011 is not available when a district court is exercising appellate jurisdiction pursuant to Section 214.0012 because the district court's jurisdiction over the matter is not exclusive but rather is shared with the Commission by virtue of Section 214.0012(e). Citing *Teague v. City of Jacksboro*, 190 S.W.3d 813 (Tex.App.--Fort Worth 2006, pet. denied) and two other cases, Appellees respond that Section 24.011 provided the district court with authority to protect its jurisdiction from interference by the Commission.

In *Teague*, the Jacksboro city council approved an order requiring Teague to demolish a structure located on his property if he did not abate unhealthy and unsafe conditions on the property within thirty days. *Teague*, 190 S.W.3d at 815. Teague did not comply with the order but instead filed suit in district court seeking a declaratory judgment and injunctive relief. *Id.* The district court entered a TRO and scheduled a hearing. *Id.* The city filed a plea to the jurisdiction alleging that its governmental immunity had not been waived because Teague had failed to file a verified petition requesting the issuance of a writ of certiorari within thirty days

11

after receiving a copy of the demolition order as required by Section 214.0012. *Id.* Teague subsequently filed amended pleadings which included a request for a writ of certiorari. *Id.* The district court granted the city's plea to the jurisdiction and dismissed the case. Focusing on the substance of Teague's original petition, the Fort Worth Court of Appeals found the petition sufficient to invoke the district court's appellate jurisdiction under Section 214.0012. *Id.* at 818-19. The court additionally determined that a specific request for issuance of a writ of certiorari is not necessary to invoke the district court's jurisdiction. *Id.* at 819. Because *Teague* does not address whether Section 24.011 would authorize a district court to grant injunctive relief, we find it is inapplicable to the issue before us.

In *Bates v. City of Beaumont*, 241 S.W.3d 924 (Tex.App.--Beaumont 2007, no pet.), the city of Beaumont notified Bates by certified mail that it intended to hold a "Dilapidated Structure Public Hearing" during a city council meeting. *Id.* at 925. The letter informed Bates he could attend the hearing to show cause as to why the building should not be demolished. *Id.* Following the hearing, the city promulgated an ordinance declaring that Bates' property was a public nuisance and ordering Bates to demolish the building within ten days or execute a work program, or the building would be demolished without further notice. *Id.* at 926. Bates began repairs on the property, but the city found the repairs insufficient when it reinspected the structure, and it sent Bates notice of its intent to proceed with demolition. *Id.* at 929. Bates then filed suit against the city seeking to enjoin the city from demolishing the structure. *Id.* at 925. The City responded by filing a plea to the jurisdiction, in which it asserted that the trial court lacked jurisdiction of the case because Bates did not file suit within thirty days of the date the City sent him notice of the city council's decision to demolish the property. The district court

12

granted the plea to the jurisdiction and dismissed the suit. The Beaumont Court of Appeals determined that Bates timely filed the suit within Section 214.0012's thirty-day period after receiving the notice informing him that the city would proceed with demolition. *Id.* at 928-29. The parties apparently did not raise, and the court of appeals did not address, whether Section 24.011 authorized the district court to grant injunctive relief in order to protect its own jurisdiction. Like *Teague*, *Bates* is distinguishable from the case before us.

Finally, Appellees assert that *In re Teague*, 2006 WL 302123 (Tex.App.--Fort Worth 2006, orig. proceeding) indirectly supports their position that the district court had authority to grant injunctive relief. While the appeal in *Teague v. City of Jacksboro* was pending, the city informed Teague that demolition would take place within days. *In re Teague*, 2006 WL 302123. Teague filed a motion for emergency and injunctive relief in the court of appeals. The court of appeals enjoined the city from proceeding with the demolition while the appeal was pending because demolition of the structure would render the appeal moot. *In re Teague*, 2006 WL 302123 at *2. A court of appeals is authorized to issue writs necessary to protect its jurisdiction. TEX. CONST. art. V, § 6; TEX.GOV'T CODE ANN. § 22.221. *In re Teague* is distinguishable because the Fort Worth Court of Appeals, unlike the district court in our case, had exclusive appellate jurisdiction. *See Texas Capital Bank-Westwood v. Johnson*, 864 S.W.2d 186, 189 (Tex.App.--Texarkana 1993, no pet.)(where trial court's plenary power had expired but the trial court had scheduled a hearing to reconsider its prior ruling, the court of appeals had exclusive jurisdiction of the case and it was authorized to issue writ of prohibition to protect its jurisdiction from the trial court's intrusion). Given that the district court did not have exclusive jurisdiction of the matter before it, we conclude that Section 24.011 did not authorize the district court to

13

enjoin the Commission from holding further hearings related to the property.

*Section 65.011(2)*

In their application for injunctive relief, Appellees expressly relied on Section 65.011(2) of the Civil Practice and Remedies Code. It provides that a writ of injunction may be granted if a party performs or is about to perform or is procuring or allowing the performance of an act relating to the subject of pending litigation, in violation of the rights of the applicant, and the act would tend to render the judgment in that litigation ineffectual. TEX.CIV.PRAC.&REM.CODE ANN. § 65.011(2)(West 2008). Citing *Wolf v. Young*, 275 S.W.2d 741 (Tex.Civ.App.--San Antonio 1955, no writ) and *EMW Manufacturing Company v. Lemons*, 724 S.W.2d 425 (Tex.App.--Fort Worth 1987, no writ), the City argues that this type of injunctive relief is not available to a district court exercising its appellate jurisdiction. Neither case supports the City's argument.

In *Wolf v. Young*, Wolf and several other property owners were the appellants in an appeal pending before the San Antonio Court of Appeals. In that appeal, they challenged the validity of an ordinance annexing territory owned by the property owners. The property owners filed a motion seeking injunctive relief but the court of appeals treated it as an original proceeding. The property owners requested that the court of appeals enjoin the City of Corpus Christi during the pendency of the appeal from exercising jurisdiction over the relators' real property located within territory which the city sought to annex. *Wolf*, 275 S.W.2d at 742. The property owners asserted that the city, unless restrained, would extend its powers of municipal government over the territory in dispute and attempt to collect taxes and enforce zoning ordinances which would result in serious inconvenience and damage because they would be

14

required to dispose of their livestock and poultry, among other things. The court of appeals denied the relief because its original jurisdiction to issue a writ is limited to preserving the jurisdiction of the court. *Wolf*, 275 S.W.2d at 743. It did not have original jurisdiction to issue a writ of injunction to prevent damage to a litigant pending appeal. *Wolf*, 275 S.W.2d at 743.

*Wolf* does not hold, as the City suggests, that a district court is not authorized to grant injunctive relief pursuant to Section 65.011(2) when it is exercising its appellate jurisdiction. *Wolf* is concerned with the original jurisdiction of a court of appeals to issue writs of injunction. Its holding cannot be applied to a district court because a district court's original jurisdiction differs from that of a court of appeals.

In *EMW Manufacturing v. Lemons*, EMW brought an original proceeding in the court of appeals seeking a temporary injunction to stop the execution of a default judgment while an appeal from the denial of its petition for bill of review remained pending in the court of appeals. *EMW Manufacturing*, 724 S.W.2d 425-26. The court of appeals acknowledged that it did not have the power to issue a writ of injunction merely to preserve the status quo pending appeal nor did it have the power to grant a temporary injunction to prevent damage to an appellant. *Id.* at 426-27. *EMW Manufacturing*, like *Wolf*, is concerned with the original jurisdiction of a court of appeals and its holding is inapplicable to the issues presented by this appeal. We conclude that a district court exercising its appellate jurisdiction pursuant to Section 214.0012 does have authority to grant injunctive relief under Section 65.011(2).

### *Abuse of Discretion*

We will now address whether the district court abused its discretion by enjoining the Commission from holding any hearings during the pendency of the judicial review proceeding.

15

A temporary injunction is an extraordinary remedy and does not issue as a matter of right. *Butnaru v. Ford Motor Company*, 84 S.W.3d 198, 204 (Tex. 2002). Whether to grant or deny a temporary injunction is within the trial court's sound discretion. *Id.* A reviewing court should reverse an order granting injunctive relief only if the trial court abused that discretion. *Id.* The reviewing court must not substitute its judgment for the trial court's judgment unless the trial court's action was so arbitrary that it exceeded the bounds of reasonable discretion. *Id.*

Generally, to be entitled to a temporary injunction, an applicant must prove three elements: (1) a cause of action against the adverse party; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim. *Butnaru*, 84 S.W.3d at 204. Section 65.011(2) provides that a writ of injunction may be granted if a party performs or is about to perform or is procuring or allowing the performance of an act relating to the subject of pending litigation, in violation of the rights of the applicant, and the act would tend to render the judgment in that litigation ineffectual. TEX.CIV.PRAC.&REM.CODE ANN. § 65.011(2). Appellees contend that they were not required to prove any of the three traditional summary judgment elements because they sought statutory injunctive relief. The Supreme Court held in *Town of Palm Valley v. Johnson*, 87 S.W.3d 110, 111 (Tex. 2001) that Section 65.011, which sets forth grounds for temporary injunction, does not permit injunctive relief without the showing of irreparable harm otherwise required by equity. We conclude that Appellees were required to establish both a probable right to recover and irreparable injury in addition to the showing required by Section 65.011(2).

An applicant for a temporary injunction need not show that it will prevail at trial in order to establish the probable right of recovery element. *See Butnaru*, 84 S.W.3d at 211. Instead, the

16

applicant must plead a cause of action and present some evidence that tends to sustain it. *Camp v. Shannon*, 348 S.W.2d 517, 519 (Tex. 1961); *T-N-T Motorsports, Inc. v. Hennessey Motorsports, Inc.*, 965 S.W.2d 18, 23-24 (Tex.App.--Houston [1st Dist.] 1998, pet. dism'd). The case heard by the district court does not involve a "cause of action" or "trial" but rather concerns a judicial review appeal. Keeping that distinction in mind, the district court was required to determine whether Appellees had filed a verified petition challenging the March 31, 2010 order on the ground of illegality. That would satisfy the requirement of pleading a "cause of action." Appellees' petition meets this requirement. The next part of the inquiry is whether Appellees presented some evidence that tends to sustain it. Appellees presented live testimony at the hearing in support of their request for injunctive relief but that evidence is irrelevant to the probable right of recovery element since an appeal in the district court is limited to a hearing under the substantial evidence rule. TEX.LOCAL GOV'T CODE ANN. § 214.0012(f). Given that Appellees failed to request the issuance of a writ of certiorari, the district court would have no record to review and Appellees could not prevail in their appeal. *See Teague*, 190 S.W.3d at 820; *Nussbaum v. City of Dallas*, 948 S.W.2d 305, 308 (Tex.App.--Dallas 1996, no writ). Consequently, we find that Appellees failed to present any evidence, i.e., the administrative record, supporting its allegations regarding the illegality of the March 31, 2010 order. For this reason, the district court abused its discretion by granting injunctive relief.[2]

The City also maintains that the district court abused its discretion by granting injunctive relief pursuant to Section 65.011(2) because the Commission's decision to hold a hearing related

---

[2] Our opinion should not be read as holding that the district court erred by permitting all testimonial evidence at the hearing on the application for a temporary injunction. The administrative record would likely not show the existence of irreparable harm.

to the property was not in violation of Appellees' rights. Given that the appeal did not stay the proceedings related to the property, the Commission did not violate Appellees' rights by setting the matter for a hearing during the pendency of the appeal. Furthermore, Appellees did not establish that the Commission's action in holding a hearing would tend to render the appeal ineffectual. Even if the Commission determined after the hearing that Appellees had not complied with the March 31, 2010 order, the district court could still determine whether that order is illegal provided Appellees requested the issuance of a writ of certiorari. Consequently, we conclude that the district court abused its discretion by enjoining the Commission from conducting any hearings during the pendency of the judicial review appeal. It is therefore unnecessary to address the City's remaining arguments, including those related to Appellees' asserted failure to prove a probable, imminent, and irreparable injury for which there is no adequate remedy at law. Issue Four is sustained. We reverse the order granting the temporary injunction and remand the cause for further proceedings consistent with this opinion.

January 23, 2013

_____
ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.
Antcliff, J., not participating

18