

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-17-00383-CV

IN RE MAX GROSSMAN

----------

FROM THE 384TH DISTRICT COURT OF EL PASO COUNTY
TRIAL COURT NO. 2017-DCV-2528

----------

## MEMORANDUM OPINION[1]

----------

In *Grossman v. City of El Paso*, in trial court cause number 2017-DCV-2528, Relator Max Grossman sought a declaratory judgment and injunctive relief with regard to Real Party in Interest the City of El Paso's compliance with natural resources code requirements as to the City's proposed demolition of several historic buildings in the City's downtown area. The City filed a plea to the jurisdiction, which the trial court denied. The City filed an interlocutory appeal, and Relator filed a motion for emergency relief and petition for writ of injunction in

---

[1]*See* Tex. R. App. P. 47.4.

the El Paso Court of Appeals to halt the demolition of the historic buildings while the interlocutory appeal remained pending. The El Paso court granted temporary emergency relief.

This original proceeding and the underlying interlocutory appeal, now appellate cause numbers 02-17-00383-CV and 02-17-00384-CV, respectively, were transferred to this court by order of the Supreme Court of Texas.[2] *See* Misc. Docket No. 17-9147 (Tex. Oct. 31, 2017, order) (transferring cause numbers 08-17-00199-CV and 08-17-00200-CV).

An appellate court may issue all writs necessary to protect its own jurisdiction. Tex. Gov't Code Ann. § 22.221(a) (West Supp. 2017). Because demolition of the historic buildings at issue would moot the underlying interlocutory appeal, causing this court to lose jurisdiction, injunctive relief is proper. *See In re 1707 New York Ave., LLC*, No. 02-14-00258-CV, 2014 WL 4946976, at *1 (Tex. App.—Fort Worth Oct. 2, 2014, orig. proceeding) (mem. op.) (determining that demolition of apartment buildings would interfere with court's subject matter jurisdiction in the underlying appeal by rendering at least one issue moot); *see also In re Teague*, No. 02-06-00033-CV, 2006 WL 302123, at *2–3 (Tex. App.—Fort Worth Feb. 6, 2006, orig. proceeding) (mem. op.) ("[D]emolition of the structure on the property before resolution of the appeal

---

[2]We immediately requested a status update from the parties upon receiving the transfer of these cases. Issues related to the ancillary discovery and contempt proceedings discussed by the parties in their updates to this court remain pending under this cause number.

would render the appeal moot."); *Pace v. McEwen*, 604 S.W.2d 231, 233 (Tex. Civ. App.—San Antonio 1980, orig. proceeding) (observing that because the appellate court issues injunctions only for the limited purpose of protecting its jurisdiction "and not for the purpose of protecting a litigant, [the court's] exercise of that power in no degree depends upon the rights of a litigant or the remedies available to him"); *cf. City of El Paso v. Caples Land Co.*, 408 S.W.3d 26, 29, 36 (Tex. App.—El Paso 2013, pet. denied) (distinguishing direct appeal of order granting temporary injunction and denying plea to the jurisdiction from *Teague* situation involving exclusive appellate jurisdiction under government code section 22.221).

Accordingly, we grant Relator's petition for writ of injunction to preserve this court's jurisdiction over the subject matter of the pending interlocutory appeal and order that the temporary injunction placed by the El Paso Court of Appeals and then clarified in its second amended emergency order of September 12, 2017 shall remain in effect during the pendency of the interlocutory appeal. A writ of injunction will issue only if the City fails to comply with the order of this court set forth in this opinion.

/s/ Bonnie Sudderth

BONNIE SUDDERTH
CHIEF JUSTICE

PANEL: SUDDERTH, C.J.; GABRIEL and PITTMAN, JJ.

DELIVERED: December 7, 2017

3