COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| CITY OF EL PASO, | § | No. 08-21-00116-CV |
| Appellant, | § | Appeal from the |
| v. | § | 327th Judicial District Court |
| LUIS R. VARELA, | § | Of El Paso County, Texas |
| Appellee. | § | (TC# 2021DCV1549) |

## O P I N I O N

This is an accelerated interlocutory appeal in which Appellant, City of El Paso, challenges the denial of its plea to the jurisdiction and the grant of a temporary injunction against it in this civil action. We reverse and remand.

## BACKGROUND

### *Factual & Procedural Background*

Luis R. Varela, Appellee, is the record owner of 3100 Dyer Street, El Paso, Texas 79930 (the Property). In December 2016, a fire occurred which caused damage to the Property. In February 2017, the City, through the Building and Standards Commission (the Commission), held a hearing and issued Order No. ENHS16-03872 (the Demolition Order). The Commission found the Property "constitutes a dangerous structure and, as such, is a nuisance condition that constitutes

a hazard to the health, safety and welfare of the citizens and is likely to endanger persons and property[.]"

The Commission ordered Appellee:

a. Secure the structure within thirty (60) [sic] days and install a chain link fence around the perimeter of the property; and maintain structure secured until repaired or demolished; and

b. Provide to the City and the Commission a structural engineer's report and return to the Commission in sixty (60) days, March 29, 2017, with said report; and

c. Clear the Property of all weeds, trash, and debris within thirty (30) days from the date of this Order and maintain the property clear of all weeds, trash and debris thereafter;

d. All work performed at the Property must be done in compliance with all applicable sections of the El Paso City Code and state and federal regulations and statutes.

In sum, the Demolition Order deemed the Property substandard in violation of 18.50 of the El Paso City Code[1] and ordered demolition of the Property should Appellee fail to comply with the requirements set forth therein.

According to Appellee, he acted with due diligence and began renovating the Property, via his contractor, to bring it into compliance with the Demolition Order, but in 2020, work on the Property stopped due to the COVID-19 Pandemic. Appellee further claims the COVID-19 Pandemic led to limited staffing in the City Development Department, which prevented him from renewing the construction permit before its expiration, and from completing construction on the Property. On March 18, 2021, the City issued a notice informing Appellee of its intent to demolish

---

[1] EL PASO, TEX., MUN. CODE ch. 18.50 (2016), https://library.municode.com/tx/el_paso/codes/code_of_ordinances?nodeId=TIT18BUCO_CH18.50PRMACO.

2

the Property within thirty days. On April 16, 2021, the City issued a second notice informing Appellee of its intent to demolish the Property beginning on or after April 22, 2021.

On May 7, 2021, Appellee filed the Plaintiffs Original Petition and Application for Temporary Restraining Order, Temporary Injunction, and Permanent Injunction (the TRO). On May 13, 2021, the trial court issued the TRO. In response, the City filed its Plea to the Jurisdiction and Motion to Dissolve the TRO. Appellee also filed his Amended Petition, Application for Temporary Restraining Order, Temporary Injunction and Permanent Injunction (the Amended Petition) on May 24, 2021. The Amended Petition asserted causes of action for a declaratory judgment and an unconstitutional taking claim. Appellee also filed a motion to extend the TRO until June 9, 2021, which the trial court granted. On June 8, 2021, Appellee filed Plaintiff's Supplemental Petition and Application for Temporary Injunction and Permanent Injunction (Supplemental Petition).

The trial court ultimately denied the City's Plea to the Jurisdiction and (1) issued a temporary injunction restraining the City from demolishing the Property, (2) ordered the City to issue a construction permit for the rehabilitation of the property, and (3) set trial for October 26, 2021. This accelerated appeal followed.

## DISCUSSION

In four issues[2], the City challenges the trial court's denial of its plea to the jurisdiction and the grant of a temporary injunction against it in this civil action. For the reasons that follow, we reverse and remand.

### *Standard of Review*

---

[2] We note Appellant's brief references five issues, when in fact there are only four. Issue Number Three is not included. Therefore, on appeal we address only the four issues raised by Appellant.

The purpose of a plea to the jurisdiction is to dismiss a cause of action without considering whether the claim has merit. *City of El Paso v. Caples Land Co.*, 408 S.W.3d 26, 30 (Tex.App.—El Paso 2013, pet. denied). A plea to the jurisdiction is a dilatory plea that challenges the court's power to adjudicate the subject matter of the controversy. *Id.* at 31. Whether a party has alleged facts that affirmatively establish a trial court's subject matter jurisdiction, and whether undisputed evidence of jurisdictional facts establishes a trial court's jurisdiction, are questions of law which we review *de novo*. *Id.*

### Applicable Law

Texas law authorizes municipalities to establish commissions to consider violations of ordinances related to public safety. *City of Dallas v. Stewart*, 361 S.W.3d 562, 565 (Tex. 2012); § 54.032-0.41. A property owner, lienholder, or mortgagee aggrieved by a municipality order issued under Section 214.001 may appeal the order by filing a verified petition in district court on the ground of illegality. TEX.LOC.GOV'T CODE ANN. § 214.0012(a). Specifically,

> Any owner, lienholder, or mortgagee of record of property jointly or severally aggrieved by an order of a municipality issued under Section 214.001 may file in district court a verified petition setting forth that the decision is illegal, in whole or in part, and specifying the grounds of the illegality. The petition must be filed by an owner, lienholder, or mortgagee *within 30 calendar days* after the respective dates a copy of the final decision of the municipality is personally delivered . . . *or such decision shall become final as to each of them upon the expiration of each such 30 calendar day period*. [Emphasis added].

*Id.* Once the petition is filed, the district court may issue a writ of certiorari directed to the municipality. *City of El Paso v. Caples Land Co.*, 408 S.W.3d 26, 31 (Tex.App.—El Paso 2013, pet. denied)(citing TEX.LOC.GOV'T CODE ANN. § 214.0012(b)). However, the issuance of the writ does not stay proceedings on the decision from which the appeal is taken. *Id.* at 31 (citing TEX.LOC.GOV'T CODE ANN. § 214.0012(e)). Further, appeal in the district court is limited to a

hearing under the substantial evidence rule, and the district court may reverse or affirm, in whole or in part, or may modify the decision. *City of El Paso*, 408 S.W.3d at 31-32 (citing TEX.LOC.GOV'T CODE ANN. § 214.0012(f)).

*Analysis*

In four issues, the City challenges the trial court's denial of its plea to the jurisdiction and the grant of a temporary injunction. The City's issues are as follows:

1.    Does a plaintiff's failure to comply with statutory prerequisites to suit deprive the trial court of subject matter jurisdiction to hear his claims?

2.    May Plaintiff raise a constitutional takings case or collaterally attack a Building and Standards Commission order, without appealing such order directly?

3.    Is nuisance abatement a taking under Texas law?

4.    Does a trial court have subject matter jurisdiction sufficient to issue an injunction when a plaintiff does not outline a cause of action that could waive governmental immunity?

As a threshold matter, the City argues Appellee failed to affirmatively demonstrate the trial court's jurisdiction. We agree.

**Section 214.0012 of the Texas Local Government Code**

Pursuant to Section 214.0012 of the Texas Local Government Code, Appellee was required to appeal the Commission's order by filing a verified petition in district court within thirty days of receiving notice of the Demolition Order. *See* TEX.LOC.GOV'T CODE ANN. § 214.0012(a). It is undisputed that Appellee did not appeal the Demolition Order. Appellee nonetheless argues his "constitutional takings claim can be properly maintained against the City, despite Varela not appealing the Demolition Order within 30 days of its issuance." According to Appellee, the trial court had jurisdiction and he is still entitled to bring his takings claim against the City because it

5

was an administrative board, rather than a court of law, that made a determination as to the nuisance condition of the Property and issued an order regarding its demolition, which he claims fails to meet the independent court review requirement set forth in *Stewart*. *City of Dallas v. Stewart*, 361 S.W.3d 562 (Tex. 2012).

In *Stewart*, the Dallas Urban Rehabilitation Standards Board (the "Board")[3], found the Stewart house to be an urban nuisance, and ordered its demolition. *Id.* at 565. The house was ultimately demolished, and Stewart sought review of the Board's decision by bringing a due process and takings claims against the city of Dallas. *Id*. at 565. The Supreme Court held the Board's nuisance determination, and the trial court's affirmance of that determination under a substantial evidence standard, were not entitled to preclusive effect in regard to property owner's takings claim. *Id.* at 580-81.

Appellee attempts to limit the inquiry to the following excerpt in *Stewart*:

Today we hold that a system that permits constitutional issues of this importance to be decided by an administrative board, whose decisions are essentially conclusive, does not correctly balance the need to abate nuisances against the rights accorded to property owners under our constitution. In the context of a property owner's appeal of an administrative nuisance determination, independent court review is a constitutional necessity.

*Id.* at 564. This attempt overlooks a key fact that makes *Stewart* materially distinguishable for purposes of jurisdiction—unlike Appellee, Stewart did in fact appeal the Board's order. *Id.* at 565. Moreover, the aforementioned excerpt, as used in support of Appellee's argument, is taken out of context; we believe the excerpt was written in the context of a litigant's failure to timely assert a constitutional takings claim. *See id*. at 564.

---

[3] An administrative body in Dallas, Texas that enforces municipal zoning ordinances. *Stewart*, 361 S.W.3d at 564.

6

In holding that independent court review is a constitutional necessity, the Court was not speaking to the requirement at issue mandated by the Texas Local Government Code—Section 214.0012—it was referring to an agency's authority to decide substantive constitutional claims. *See id*. at 579. The Court stressed the importance of adhering to statutory prerequisites for judicial review and discussed a litigant's failure of asserting a constitutional takings claim within the appeal deadline, which precludes a party from raising a takings claim in a separate proceeding. *Id*. at 580 ("[E]ven though [a constitutional] claim may be asserted for the first time in the district court upon appeal of the agency order, a failure to comply with the appeal deadlines and/or the failure to so assert the constitutional claim at that time, precludes a party from raising the issue in a separate proceeding. . . . A party cannot attack collaterally what she chooses not to challenge directly. Cities are not, therefore, subject to new takings suits for long-concluded nuisance abatements.")[Citations and internal quotation marks omitted].

The Court did, however, directly reference Section 214.0012 of the Texas Local Government Code later in the opinion. *Id*. The Court referred to it as, "the Local Government Code's narrow thirty day window for seeking review." *Id*. The Court explicitly stated: "[T]akings claims must be asserted on appeal from the administrative nuisance determination. Although agencies have no power to preempt a court's constitutional construction, *a party asserting a taking must first exhaust its administrative remedies and comply with jurisdictional prerequisites for suit*." *Id*. at 579 [Emphasis added]; *see City of Dallas v. VSC, LLC*, 347 S.W.3d 231, 237 (Tex. 2011)("[I]f a remedial procedure might have obviated the need for a takings suit, then the property simply had not, prior to the procedure's use, been taken *without just compensation*. Because [litigant] could seek possession or compensation through a remedial statutory scheme, it could not

ignore that scheme in favor of initiating a constitutional takings suit."). We apply the same reasoning here.

Because Appellee failed to appeal the Demolition Order within the thirty-day statutorily required period, he failed to comply with jurisdictional prerequisites for suit. *See Stewart*, 361 S.W.3d at 579. Accordingly, we hold the trial court did not maintain jurisdiction over the matter. *See id.*; *see also VSC*, 347 S.W.3d at 237. Issue One and Issue Two are sustained.

In light of holding the trial court did not maintain jurisdiction, we need not reach Appellee's remaining issues.

## <u>CONCLUSION</u>

For these reasons, we reverse and remand to the trial court for further proceedings consistent with this opinion.

YVONNE T. RODRIGUEZ, Chief Justice

October 25, 2022

Before Rodriguez, C.J., Palafox, and Alley, JJ.