ACCEPTED
15-25-00043-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
5/15/2025 11:59 PM
CHRISTOPHER A. PRINE
CLERK

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
5/15/2025 11:59:17 PM
CHRISTOPHER A. PRINE
Clerk



THE Martinez de Vara
LAW FIRM

PO Box 377
13940 Benton City Rd.
Von Ormy, Texas 78073     www.mdv-law.com     Ph. 210 622 8833
Fax 210 622 4021
info@mdv-law.com

May 15, 2025

***Via E-file***
Christopher A. Prine
Clerk, Fifteenth Court of Appeals
P.O. Box 12852
Austin, TX  78711

> Re:     No. 15-25-00043-CV, *The Conservation Society of San Antonio & Lewis Vetter v. University of Texas at San Antonio & The City of San Antonio;* In the Fifteenth Court of Appeals of Texas.

Dear Mr. Prine:

### Response to May 13, 2025 Letters from Appellees UTSA and the City of San Antinio

On May 13, 2025, counsels for the University of Texas at San Antonio (UTSA) and the City of San Antinio (The City), Appellees in the above referenced case, each sent letters to this Appellate Court addressing the ***Motion for Emergency Relief and Petition for Writ of Injunction***, filed by undersigned counsel for The Conservation Society of San Antonio and Lewis Vetter, Appellants herein.  The letter from counsel for UTSA is more detailed, whereas the letter from counsel for The City "concurs" with that from UTSA.  This letter responds more directly to the UTSA letter but this response applies to The City's letter as well.

Appellees both suggest that this Court deny Appellants' ***Motion for Emergency Relief*** before Appellees file a response, but should they need to respond, they be allowed until May 20, 2025, to file such response.

Appellants seek emergency relief from this Court during the pendency of an appeal to prevent the demolition of the Texas State Exhibits Pavilion originally constructed for HemisFair

'68.[1]  The building has been designated a Texas Antiquities Landmark [TAL] by the Texas Historical Commission and placed on the National Register of Historic Places pursuant to the National Historic Preservation Act of 1966. The building is the sole example of brutalist architecture in downtown San Antonio. [2] The land on which the Texas State Exhibits Pavilion was built was transferred from the City of San Antonio to the State of Texas by a deed providing title would revert to The City if covenants regarding its use were violated.  After HemisFair '68 ended, the Texas Pavilion housed the Institute of Texan Cultures museum until recently.

The letter filed on behalf of UTSA presents essentially three arguments opposing Appellants' *Motion for Emergency Relief*.  First, UTSA argues that Appellants should have acted sooner to stop the demolition of the Texas Pavillion.  Second, UTSA argues that the presence of asbestos in the building prevents enjoining the demolition.  Finally, UTSA argues that the trial court properly granted a plea to the jurisdiction based on governmental immunity. None of these arguments defeat the principle that an appellate court may issue all writs necessary to protect its own jurisdiction.  Where, as in the case at bar, demolition of the historic building at issue would moot the underlying appeal, causing this appellate court to lose jurisdiction. Therefore, injunctive relief is proper.

### *Their argument regarding delay and asbestos*

UTSA's May 13, 2025 letter states:

"Appellants-Plaintiffs did not file suit for more than three months after UTSA obtained its permit and began its demolition project, waiting until April 9, 2025 to do so. At that time, the demolition was already well underway.

And further states:

Because the building is old and had not ever been modernized, it was asbestos-ridden. Thus, the demolition project was in a sensitive asbestos- remediation phase when Plaintiffs finally got around to asking the trial court for an "emergency" TRO.  Because the previously-encapsulated asbestos was exposed to the environment, it would have been irresponsible and unwarranted to enjoin the

---

[1] HemisFair '68 was a World's Fair held in San Antonio, Texas, from April 6 to October 6, 1968. It was the first World's Fair in the Southwestern United States and the only one held in Texas. The fair celebrated San Antonio's 250th anniversary and the cultural heritage of the city and its Latin American neighbors. It is generally credited with beginning the modern era of San Antonio's national and international prominence.
[2] Brutalist architecture is a style known for its bold, raw, and often stark aesthetic. It emerged in the mid-20th century, particularly in the post-war era, and is characterized by the use of exposed concrete, minimalist design, and geometric forms. Brutalism emphasizes functionality and the honesty of materials, often showcasing the structural elements of the building rather than hiding them with decorative details. Texas State Exhibits Pavilion design is an inverted pyramid, paying homage to San Antonio's indigenous heritage and its connection to Mesoamerica.

project. That remains true today. UTSA cannot abruptly stop what it had started in January pursuant to a December 2024 THC demolition permit without also pivoting to significant and expensive asbestos containment measures.

There is no evidence in the record as to when demolition or asbestos remediation started and its effect on demolition procedures. There is no evidence in the record as to when Appellants learned that demolition had started. Appellants' *Motion for Emergency Relief and Petition for Writ of Injunction* states that:

> 10. On or about April 9, 2025, upon seeing that demolition had begun, Appellants attempted to seek out a Temporary Restraining Order with all Appellees well represented, and the Bexar County District Court stated a judge was unavailable to hear the matter and instructed the parties to return on April 10, 2025.

These are not the relevant questions. The relevant question is whether demolition of this historic building would render the appeal moot and deprive this Appellate Court of jurisdiction over this appeal. If so, injunctive relief should be granted pending resolution of the issue before this Appellate Court.

### Their argument that granting plea to the jurisdiction was correct

> UTSA's May 13, 2025 letter states:

> Instead of issuing a knee-jerk TRO or Temporary Injunction, on April 14, 2025, the trial court granted UTSA's and the City of San Antonio's pleas to the jurisdiction, dismissing Plaintiffs' claims as barred by sovereign and governmental immunity. That ruling was correct. Appellants' lawsuit is based on the citizen-suit provision of the Texas Antiquities Code. *See* Tex. Nat. Res. Code § 191.173. But as the Third Court has held, that provision does not waive sovereign immunity. *Grossman v. Wolfe*, 578 S.W.3d 250, 261 (Tex. App.—Austin 2019, pet. denied) (citing *Bacon v. Tex. Historical Comm'n*, 411 S.W.3d 161, 177 (Tex. App.—Austin 2013, no pet.)).

A more recent Texas appellate case, *Grossman v. City of El Paso,* p, 106 (Tex. App.—El Paso 2021, pet. dism'd), was discussed at the hearing on the Plea to the Jurisdiction. In contrast to the earlier Third Court opinion cited in UTSA's letter of May 13, 2025, *Grossman v. City of El Paso* held that injunctive relief to restrain and enjoin violations of the Antiquities Code is authorized against public entities, such as UTSA and the City of San Antonio.

> Through enactment of the Code, the Legislature created a statutory framework designed to ensure the discovery and preservation of cultural, educational, scientific, or historic assets in accordance with the public policy and public interest of the State. *See* Tex. Nat. Res. Code Ann. § 191.002. The Legislature

further emphasized the public's interest in achieving the stated policy goal by authorizing any Texas citizen to bring suit to require compliance with the statutory framework. *See id.* § 191.173. **Exempting governmental entities who are owners of public land from the imposition of injunctive relief—based on established violations or threatened violations of the Code—would directly undermine the efficacy of the statute to the detriment of its declared goal** of locating, protecting, and preserving the archeologically significant objects and treasures found in, on, or under land within the State's jurisdiction. And subjecting governmental entities to suits for injunctive relief does not impinge on the legislative interest in protecting public resources—the justification for conferring immunity—because such suit does not seek monetary damages. *See id.*; *see also Heinrich*, 284 S.W.3d at 375-76 (protecting public fisc is modern justification for immunity).

By its plain language, the Code expressly declares it is the public policy and in the public interest of the State to locate, protect, and preserve "all sites, objects, buildings, pre-twentieth century shipwrecks, and locations of historical, archeological, educational, or scientific interest," located in, on, or under any of the land in the State of Texas. *See* Tex. Nat. Res. Code Ann. § 191.002.

*Grossman v. City of El Paso,* p, 106 (Tex. App.—El Paso 2021, pet. dism'd) (Emphasis added.)

Appellees are not entitled to governmental immunity from injunctive relief.

Furthermore, since the filing of this ***Motion for Emergency Relief and Petition for Writ of Injunction,*** demolition of external architectural features such as the architecturally significant water fountain have been performed. This violates the Secretary of the Interior's Standards for the Treatment of Historic Properties, which requires to avoid, minimize, or mitigate adverse effects on historic properties and adapt historic buildings or features for new uses.

### *Conclusion*

Appellees have not disputed that demolition of the historic building at issue would moot the underlying appeal, causing this appellate court to lose jurisdiction. This Appellate Court has statutory authority to "issue all writs necessary to protect its own jurisdiction".

An appellate court may issue all writs necessary to protect its own jurisdiction. Tex. Gov't Code Ann. § 22.221(a) (West Supp. 2017). Because demolition of the historic buildings at issue would moot the underlying interlocutory appeal, causing this court to lose jurisdiction, injunctive relief is proper. *See In re 1707 New York Ave., LLC*, No. 02–14–00258–CV, 2014 WL 4946976, at *1 (Tex. App.–Fort Worth Oct. 2, 2014, orig. proceeding) (mem. op.) (determining that demolition of apartment buildings would interfere with court's subject matter

jurisdiction in the underlying appeal by rendering at least one issue moot); *see also In re Teague*, No. 02–06–00033–CV, 2006 WL 302123, at \*2–3 (Tex. App.–Fort Worth Feb. 6, 2006, orig. proceeding) (mem. op.) ("[D]emolition of the structure on the property before resolution of the appeal would render the appeal moot."); *Pace v. McEwen*, 604 S.W.2d 231, 233 (Tex. Civ. App.–San Antonio 1980, orig. proceeding) (observing that because the appellate court issues injunctions only for the limited purpose of protecting its jurisdiction "and not for the purpose of protecting a litigant, [the court's] exercise of that power in no degree depends upon the rights of a litigant or the remedies available to him"); *cf. City of El Paso v. Caples Land Co.*, 408 S.W.3d 26, 29, 36 (Tex. App.–El Paso 2013, pet. denied) (distinguishing direct appeal of order granting temporary injunction and denying plea to the jurisdiction from *Teague* situation involving exclusive appellate jurisdiction under government code section 22.221).

*In re Grossman*, No. 02-17-00383-CV, 2017 WL 6047681, at \*1 (Tex. App.—Fort Worth Dec. 7, 2017, no pet.)

This Appellate Court should protect its jurisdiction over the pending appeal by enjoining any further demolition of the Texas State Exhibits Pavilion from HemisFair '68.

Yours truly,

Art Martinez de Vara
Attorney for Appellants

cc:     client

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Terri Gould on behalf of Art Martinez de Vara
Bar No. 24060230
mdvlawparalegal@gmail.com
Envelope ID: 100910497
Filing Code Description: Letter
Filing Description: Letter of Response to Appellees
Status as of 5/16/2025 7:04 AM CST

Associated Case Party: THE CONSERVATION SOCIETY OF SAN ANTONIO

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Arturo IMartinez de Vara | | martinezdevara@gmail.com | 5/15/2025 11:59:17 PM | SENT |
| Robert W.Wilson | | rww@sanchezwilson.com | 5/15/2025 11:59:17 PM | SENT |
| Mark Sanchez | 795857 | mas@sanchezwilson.com | 5/15/2025 11:59:17 PM | SENT |
| Misty Spears | | misty@sierraspears.com | 5/15/2025 11:59:17 PM | SENT |
| Terri Gould | | mdvlawparalegal@gmail.com | 5/15/2025 11:59:17 PM | SENT |
| Charles Sierra | | charles@sierraspears.com | 5/15/2025 11:59:17 PM | SENT |
| David Campa | | david@mdv.law | 5/15/2025 11:59:17 PM | SENT |

Associated Case Party: CITY OF SAN ANTONIO

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Donna KayMcElroy | | dmcelroy@dykema.com | 5/15/2025 11:59:17 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Martha Adams | 871490 | martha@madamslaw.com | 5/15/2025 11:59:17 PM | SENT |
| Steve Chiscano | 24001882 | schiscano@gcaklaw.com | 5/15/2025 11:59:17 PM | SENT |
| Donna McElroy | 13582050 | dmcelroy@dykema.com | 5/15/2025 11:59:17 PM | SENT |
| Matthew Baumgartner | 24062605 | mbaumgartner@abaustin.com | 5/15/2025 11:59:17 PM | SENT |
| Guillermo Alarcon | 24099176 | galarcon@abaustin.com | 5/15/2025 11:59:17 PM | SENT |
| Nadeen Abou-Hossa | 24115449 | nabou-hossa@gcaklaw.com | 5/15/2025 11:59:17 PM | SENT |
| Katelyn Richards | 24125380 | krichards@dykema.com | 5/15/2025 11:59:17 PM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Terri Gould on behalf of Art Martinez de Vara
Bar No. 24060230
mdvlawparalegal@gmail.com
Envelope ID: 100910497
Filing Code Description: Letter
Filing Description: Letter of Response to Appellees
Status as of 5/16/2025 7:04 AM CST

Case Contacts

| Katelyn Richards | 24125380 | krichards@dykema.com | 5/15/2025 11:59:17 PM | SENT |
|---|---|---|---|---|
| Ariel Velasquez | | avelasquez@dykema.com | 5/15/2025 11:59:17 PM | SENT |
| Carol Qualls | | cqualls@dykema.com | 5/15/2025 11:59:17 PM | SENT |